[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11092
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 2, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22648-CV-JJO

LISA WILLIAMS,

Plaintiff-Appellant,

versus

CITY OF HOMESTEAD, FLORIDA,
a municipal corporation,
THOMAS SCHWARTZ, individually,
DENISE JONES, individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 2, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

The plaintiff, Lisa Williams, appeals the district court's grant of final summary judgment in favor of the defendants, the City of Homestead (City) and Officer Thomas Schwartz. Williams contends that the district court erred in finding that Officer Schwartz had probable cause for her arrest following her alleged attempted burglary of the home of Denise Jones, Williams' ex-girlfriend.[1] She argues that the court erred in dismissing both her 42 U.S.C. § 1983 claims and her Florida state law claims of negligent investigation, malicious prosecution, false imprisonment, false arrest, and battery. We affirm.

## I.

We review <u>de novo</u> the district court's grant of summary judgment, "appraising all facts and reasonable inferences in the light most favorable to the nonmoving party." <u>Iraola & CIA, S.A. v. Kimberly-Clark Corp.</u>, 325 F.3d 1274, 1283 (11th Cir. 2003). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] Although Williams was arrested for attempted burglary, victim tampering, and violation of a temporary restraining order, we only address the existence of probable cause as to the attempted burglary charge. If there is probable cause for one charge, the arrest was proper.

## II.

Williams pleaded claims grounded in both federal law and state law against Officer Schwartz. We will first address her federal constitutional claims. Because a police officer may be entitled to qualified immunity protection from § 1983 claims, we begin with the two-part analysis established by Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Under that test, we first determine if, taking the facts in the light most favorable to Williams, Schwartz violated her constitutional rights. Id. Second, if a constitutional violation exists on the face of the facts, we determine "whether the right was clearly established," such that "a reasonable official would understand that what he [was] doing violate[d] the rule." Id. at 201–02, 121 S. Ct. at 2156.

As applied here, "[i]n the context of a claim for false arrest, an officer is entitled to qualified immunity where that officer had 'arguable probable cause,'" Davis v. Williams, 451 F.3d 759, 762–63 (11th Cir. 2006), which exists "if, under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." Crosby v. Monroe County, 394 F.3d 1328, 1332–33 (11th Cir. 2004) (citing Durruthy v. Pastor, 351 F.3d 1080, 1089 (11th Cir. 2003)). Schwartz need only show that he had arguable probable cause, a lesser standard than actual probable cause, to be entitled to

qualified immunity. Jones v. Cannon, 174 F.3d 1271, 1283 n.3 (11th Cir. 1999). "Even if the officer makes a mistake, he may still be entitled to qualified immunity. Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 536 (1991).

In view of the circumstances at the time of the arrest, we conclude that Schwartz not only had arguable probable cause but had actual probable cause to arrest Williams. In determining whether probable cause existed, we consider whether the officer's actions were "objectively reasonable" based on the "totality of the circumstances." Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998). "This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Id. (quoting Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995)). The standard of proof necessary to support a conviction is not applicable at this stage. Durruthy, 351 F.3d at 1088. The subjective intent of the officer is immaterial; we are to consider the facts objectively. Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774 (1996).

Regardless of the fact that a nolle prosequi was entered as to all charges against Williams, Schwartz had the necessary probable cause at the time of the

4

incident to make the arrest. Jones' 911 call, her emotional state when Schwartz arrived, and the physical damage to the door allowed Schwartz to reasonably conclude that an attempted burglary had occurred. Furthermore, Jones' statement that Williams had tried to break in and had threatened her, the outstanding TRO order, and the pending domestic battery charge allowed Schwartz to reasonably conclude that Williams was a likely suspect. There was a history of animosity between these two women. Schwartz's conclusion that Williams attempted the break-in was reasonable, and that is all that the probable cause standard requires.

Williams argues that Schwartz violated her constitutional rights by failing to conduct a proper investigation prior to her arrest. She claims that Schwartz wrongfully refused to consider her own protestation of innocence, her alibi witness, and a tape recording she produced at the police station supposedly exposing Jones' plan to set her up. While we do recognize that "[a]n arresting officer is required to conduct a reasonable investigation to establish probable cause," Rankin, 133 F.3d at 1435, "once an officer makes an arrest based on probable cause, he need not investigate every claim of innocence." Id. (internal quotations omitted). An officer does not have to take "every conceivable step . . . at whatever cost, to eliminate the possibility of convicting an innocent person." Tillman v. Coley, 886 F.2d 317, 321 (11th Cir. 1989). We agree with the Sixth

5

Circuit's finding that while a police officer should consider a suspect's explanation in evaluating the existence of probable cause, he "is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." Criss v. City of Kent, 867 F.2d 259, 263 (6th Cir. 1988). The Supreme Court has explained: "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." Baker v. McCollan, 443 U.S. 137, 145, 99 S. Ct. 2689, 2695 (1979).

Schwartz conducted a sufficient investigation into the existence of probable cause. He was not responsible for conducting a trial, but simply with deciding whether there was probable cause to arrest. He was under no obligation to credit Williams' explanation or alibi. The tape recording Williams offered (which may have been made in violation of Florida law) was more appropriate for use by her defense attorney than by the arresting officer, and Schwartz reasonably declined to listen to it. There was no constitutional violation, and therefore, Williams'§ 1983 claims of unconstitutional arrest and unconstitutional investigation fail.

In addition to her federal constitutional claims, Williams pleaded several

6

state law claims against Schwartz:  false imprisonment, false arrest and malicious prosecution.  The standard for determining probable cause is the same under Florida law as federal law.  Rankin, 133 F.3d at 1435.  Therefore, our finding that Schwartz had probable cause requires that we affirm the grant of summary judgment against Williams on the state claims of false arrest and false imprisonment.  "The existence of probable cause constitutes an affirmative defense to the claims of false arrest and imprisonment under Florida law."  Id. at 1436.

Additionally, our finding of probable cause forecloses Williams' malicious prosecution claim against Schwartz.[2]  Under Florida law there are six elements that a plaintiff must prove to make out this claim:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

---

[2]  We note that the district court opinion states that Count VIII of Williams' complaint raises a claim for malicious prosecution against the City, when in fact, the claim raised in Count VIII is a federal malicious prosecution claim against Schwartz.  Williams alleges two malicious prosecution claims against Schwartz, one based in federal law (Count VIII) and one based in state law (Count V).  This discrepancy does not affect our analysis or decision.

Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) (quoting

Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002)) (emphasis added).

Because Williams' cannot establish the fourth element, her malicious prosecution

claim fails.

**III.**

In addition to the claims raised against Schwartz, Williams pleaded three

claims against the City. She claimed that the City violated her federal

constitutional rights by failing to train, supervise and discipline its police officers.

She also asserted that the City is responsible for Schwartz's negligent

investigation and battery, which are state law claims.

We will first address the federal claim. We have held that a § 1983 failure-

to-train claim against a municipality is valid only in the limited circumstances

where a plaintiff can show that: (1) the municipality inadequately trained or

supervised its officers; (2) the failure to train or supervise is a city policy; and (3)

the city's policy caused the officer to violate the plaintiff's constitutional rights.

Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Given our

conclusion that Officer Schwartz did not violate Williams' constitutional rights,

the district court did not err in granting summary judgment for the City on this

claim.

Williams contends that the district court improperly granted summary judgment on her state law claims of negligent investigation and battery, arguing that the district court misconstrued her negligent investigation claim as a negligent arrest claim. Regardless of how the claim is construed it fails. We have already determined that Schwartz conducted an adequate investigation, and that forecloses this claim. Additionally, Williams' battery claim fails, as it is akin to an excessive force claim based on the assertion that, absent probable cause, any force is excessive. Thornton v. City of Macon, 132 F.3d 1395, 1400 (11th Cir. 1998) (finding that because the arrest lacked probable cause, "the officers were not justified in using any force, and a reasonable officer thus would have recognized that the force used was excessive"). Having found that Schwartz did have probable cause in making the arrest, we also conclude that the reasonable force he used to do so was not excessive.

**AFFIRMED.**