[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12208
Non-Argument Calendar

_____

D. C. Docket No. 07-00292-CV-2-RDP

VICTOR ANGELINE,

Plaintiff-Appellee,

versus

CITY OF HOOVER, ALABAMA, et al.,

Defendants,

NINA MONOSKY,
individually and in
her capacity as an agent
of the City of Hoover,
DAVID HOLDER,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 5, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

David Holder and Nina Monosky, Officers for the City of Hoover, Alabama, appeal the district court's order denying in part summary judgment in Victor Angeline's 42 U.S.C. § 1983 civil rights action against them and other officers, the City of Hoover Police Department, and the City of Hoover. Plaintiff-Appellee Angeline alleged, *inter alia*, that Officers Holder and Monosky violated his Fourth Amendment rights when they arrested him for felony possession of controlled substances in violation of Alabama Code § 13A-12-212 without probable cause. In their motion for summary judgment, Officers Holder and Monosky assert that they are entitled to qualified immunity. The district court denied their motion as to the possession of controlled substances charge, finding that a genuine issue of material fact existed as to whether Officers Holder and Monosky had probable cause or arguable probable cause to arrest Angeline. Because Officers Holder and Monosky are entitled to qualified immunity, we reverse.

## I. Background

On November 3, 2005, City of Hoover Officers Scarborough and Monosky arrested Victor Angeline for driving under the influence of a substance in violation of Alabama Code § 32-5A-191(a)(5) on the side of Highway 65 in Alabama after

conducting several field sobriety tests. Officer Monosky handcuffed Angeline and placed him in the back of her police cruiser to be brought to the Hoover City Jail. Because Angeline's truck had to be towed, Officer Holder, who arrived on the scene shortly after the arrest, conducted a routine inventory of the cab of the truck in order to secure any valuables and obtain any medications that Angeline may have needed while in custody. Officer Holder discovered a daily pill dispenser and an Advil container in the cab along with other personal belongings and alerted Officer Monosky. Officer Monosky retrieved the medication and opened the Advil container. Officer Holder identified the pills in the container as Ambien. Officer Monosky took Angeline, along with his medication and personal belongings, to the Hoover City Jail. While in custody at the jail, a detective identified the medication found by Officers Holder and Monosky during the inventory of Angeline's truck cab as Ambien, a class IV Controlled Substance. Although Angeline vehemently protested that he had a lawful prescription for Ambien, Officer Monosky subsequently charged him with possession of controlled substances at the direction of the detective.

In his § 1983 lawsuit, Angeline claimed, *inter alia*, that he was falsely arrested for driving under the influence and for possession of controlled substances in violation of the Fourth Amendment. The district court granted summary

judgment in favor of Officers Scarborough and Monosky on Angeline's claim for false arrest for driving under the influence, finding they were entitled to qualified immunity because they had at least arguable probable cause to arrest Angeline. However, the district court denied summary judgment to Officers Holder and Monosky on Angeline's claim alleging false arrest for possession of controlled substances, finding that they were not entitled to qualified immunity because a genuine issue of material fact existed as to whether they had at least arguable probable cause to arrest Angeline for possession of controlled substances.

## II. Standard of Review

We review a district court's grant of summary judgment *de novo*, and we "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Kingsland v. City of Miami*, 382 F.3d 1220, 1225 (11th Cir. 2004). Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Additionally, we review the facts in the light most favorable to the plaintiff in a qualified immunity determination. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).

## III. Discussion

4

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 3may34 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515 (2002). To be entitled to qualified immunity, the burden is on the defendant to show that he acted within his discretionary authority. *Kingsland*, 382 F.3d at 1232. Next, if the defendant meets this burden, the burden shifts to the plaintiff to show that the defendant committed a constitutional violation *and* that the constitutional right the defendant violated was clearly established at the time he committed the violation. *Id.*

It is undisputed that Officers Scarborough and Monosky acted pursuant to their discretionary authority as law enforcement officers in arresting Angeline for driving under the influence. Additionally, the district court found that Officers Scarborough and Monosky had at least arguable probable cause to arrest Angeline for driving under the influence, and "[t]he existence of probable cause at the time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest." *Kingsland*, 382 F.3d at 1226. Therefore, the district court properly concluded that Officers Scarborough and Monosky were entitled to qualified immunity because

5

there was no violation of Angeline's constitutional rights when arrested for driving under the influence.

The grant of summary judgment in favor of Officers Scarborough and Monosky on the claim for false arrest for driving under the influence is not on appeal. It is relevant, however, to the issue on appeal regarding Officers Holder and Monosky's entitlement to qualified immunity on Angeline's claim for false arrest for possession of controlled substances in violation of the Fourth Amendment. We agree with the district court that there is a genuine issue of material fact as to whether Officers Holder and Monosky had probable cause or arguable probable cause to subsequently charge Angeline with possession of controlled substances that would justify a denial of summary judgment on that claim. However, our precedent supports a finding of qualified immunity in favor of Officers Holder and Monosky on other grounds.

In *Skop v. City of Atlanta*, we held that in order for an officer to be entitled to qualified immunity, he must have probable cause or arguable probable cause for *at least one* of the crimes that a suspect could be charged with before making an arrest. 485 F.3d 1130, 1137–38 (11th Cir. 2007) (finding that "[i]f Officer Brown possessed probable cause or arguable probable cause to arrest Skop for *either* [obstructing a police officer in the lawful discharge of his official duties or refusing

6

to obey an order from an officer directing traffic], he is entitled to qualified immunity. . ." (emphasis added)), *see also Williams v. City of Homestead*, 11th Cir. 2006, __ F.3d __, at *1 n.1 (No. 06-11092, Nov. 2, 2006) (stating for qualified immunity determinations, "[i]f there is probable cause for one charge, the arrest was proper").

Therefore, because it is undisputed that Angeline was lawfully arrested and in custody for driving under the influence, Officers Holder and Monosky did not violate Angeline's Fourth Amendment rights by subsequently charging him for possession of controlled substances. Officers Holder and Monosky did not have to arrest Angeline again in order to charge him for possession of controlled substances. Thus, the district court did not need to analyze whether there was probable cause or arguable probable cause on the possession of controlled substances charge to determine whether Officers Holder and Monosky were entitled to qualified immunity. Because probable cause to arrest Angeline for driving under the influence was sufficient to subsequently charge Angeline for possession of controlled substances, we find Officers Holder and Monosky are entitled to qualified immunity on Angeline's claim for false arrest for possession of controlled substances.

### IV. Conclusion

In sum, we conclude Officers Holder and Monosky are entitled to qualified immunity on Angeline's claim for false arrest for possession of controlled substances. Accordingly, we reverse the district court's order denying their motion for summary judgment as to this claim, and remand so this case may be dismissed.

**REVERSED AND REMANDED.**