United States Court of Appeals,

Eleventh Circuit.

No. 95-4268.

Glenn WHITING, Plaintiff-Appellant,

v.

Ed TRAYLOR;  R.H. Hamilton, Defendants-Appellees.

June 19, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No.94-14015 CIV-KLR), Kenneth L. Ryskamp, Judge.

Before EDMONDSON and BIRCH, Circuit Judges, and FOREMAN[*], Senior District Judge.

EDMONDSON, Circuit Judge:

Glenn Whiting appeals the Rule 12(b)(6) dismissal of his section 1983 claim against two Florida Marine Patrol Officers.  He also appeals dismissal of a pendant state law tort claim.  We vacate the dismissals and remand for further proceedings.

I.

In August 1988, Glenn Whiting—while he was operating his boat on a Florida lake—was stopped by two Florida Marine Patrol officers.  The officers approached Whiting because they were unable to see registration decals on Whiting's boat.  Whiting told the officers (defendants Ed Traylor and R.H. Hamilton) that he owned the boat and that he did not believe he was required to display registration numbers or a registration certificate.  Whiting answered some of the questions asked of him by the officers, but he refused to tell the officers his name.  For failing to display

[*]Honorable James L. Foreman, Senior U.S. District Judge for the Southern District of Illinois, sitting by designation.

registration numbers, the officers seized Whiting's boat and told him he could have it back if he came to the Marine Patrol offices and proved he owned it.

Two months later, Traylor obtained an arrest warrant for Whiting on a charge of obstructing officers without violence. This charge was based on Whiting's failure to identify himself when he was stopped on the lake.[1] Whiting voluntarily turned himself in during November 1988 after learning of the warrant. He was detained overnight and then released on bond; later, he was formally charged with Resisting an Officer Without Violence. In February 1989, he appeared for arraignment and pleaded not guilty. As he left the courtroom, he was again arrested by Traylor. This time, he was issued citations for various offenses related to the registration decal on his boat. During this arrest, Traylor allegedly abused Whiting and declined to inform Whiting of the charges against him.[2]

The state's attorney brought misdemeanor charges based on the registration decal allegations. Whiting asserts that Traylor made false written statements on a citation and on an arrest affidavit. And, Whiting alleges Hamilton backdated documents for use in the prosecution. Whiting also says Traylor falsely alleged to his superiors that he was involved in criminal conspiracy, that Hamilton and Traylor caused public records to be falsified, that

---

[1]Traylor later explained that this charge was brought so that Whiting could be held until more serious charges could be developed.

[2]An internal investigation by the Marine Patrol concluded that Traylor used excessive force during this arrest and otherwise failed to follow proper procedures.

Hamilton backdated documents which formed the basis of the criminal prosecution and that Traylor and Hamilton kept or caused to be damaged or destroyed personal property seized from Whiting in August 1988. In the criminal proceedings, Whiting had to appear in court 20 times.

In May 1990 the state's attorney nol prossed some of the charges. Others were pursued by the state until a Florida state judge dismissed them. In the order of dismissal, the state judge found that Defendants and the prosecuting attorney had harassed Whiting either through gross incompetence or by intention. Whiting brought this action under 42 U.S.C. § 1983, alleging a prosecution without probable cause in violation of his Fourth Amendment rights. He also had pendant a state law malicious prosecution claim. The district court concluded that any Fourth Amendment claims based on Whiting's surrender or arrest were time barred. And, he concluded Whiting alleged no constitutional violation which occurred after these dates.

## II.

Section 1983 is no source of substantive federal rights. *Albright v. Oliver,* 510 U.S. 266, ----, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (plurality opinion) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433 (1979)). Instead, to state a section 1983 claim, a plaintiff must point to a violation of a specific federal right. *Id.* (again citing *Baker* ). Whiting has done so here; he says the Defendants violated his Fourth Amendment rights (which the Supreme Court says protects, through the Fourteenth Amendment, persons from state

action).    The Fourth  Amendment  prohibits  "unreasonable  ...

seizures" and also says that "no Warrants shall issue, but upon

probable cause."

Whiting, however is not claiming just that he was seized

unlawfully or that a warrant was issued without probable cause:  he

says he was "maliciously prosecuted" in violation of his Fourth

Amendment rights.  Defendants respond that no independent Fourth

Amendment right exists to be free from a malicious prosecution.[3]

Because the Fourth Amendment protects against "searches" and

"seizures" (and not "prosecutions") Defendants' statement of the

law about prosecutions is persuasive.

But, this proposition does not end our inquiry.  Labeling—as

Whiting did here—a section 1983 claim as one for a "malicious

prosecution" can be a shorthand way of describing a kind of

legitimate section 1983 claim:   the kind of claim where the

plaintiff, as part of the commencement of a criminal proceeding,

has been unlawfully and forcibly restrained in violation of the

Fourth Amendment and injuries, due to that seizure, follow as the

---

[3]In *Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127
L.Ed.2d 114 (1994), the Supreme Court—in a plurality opinion—held
that no "substantive" due process right exists to be free from a
malicious prosecution.  But, the court left open the question of
whether such a claim could be based on the Fourth Amendment or
the due process clause's procedural component.

Whiting does not allege a procedural due process
section 1983 claim.  For a case holding that there is no
violation of procedural due process in a malicious
prosecution where the state recognizes the tort of malicious
prosecution, see *Perez-Ruiz v. Crespo-Guillen,* 25 F.3d 40,
43 (1st Cir.1994).

prosecution goes ahead.[4]  So, Whiting can avoid an order of dismissal if he based his claim—whatever he calls it—on some actual unlawful, forcible, restraint of his person.

Whiting's allegations point to three possibly unlawful seizures:  his surrender following the issuance of the arrest warrant, his arrest as he left the courtroom, and his being required to appear to answer the charges after being released on bond.  If these alleged acts are seizures and are unlawful,

---

[4]This court has, at times, referred to a "federally guaranteed right to be free of malicious prosecution." *Strength v. Hubert,* 854 F.2d 421, 426 (11th Cir.1988);  *see also NAACP v. Hunt,* 891 F.2d 1555, 1563 (11th Cir.1990) (dictum).  But, we have never defined with specificity the constitutional source of this "right."  The *Albright* opinions remind us that a plaintiff must point to a constitutional (or statutory) basis for his claim. *See Taylor v. Meacham,* 82 F.3d 1556, 1561 (10th Cir.1996) (section 1983 malicious prosecution plaintiff must prove a constitutional violation).  To the extent *Strength* relied on a "substantive" due process theory it has been overruled by *Albright,* and the extent to which *Strength* is based directly on a Fourth Amendment violation is unclear.

Support for the concept that an independent, classic Fourth Amendment violation is critical to a section 1983 claim called malicious prosecution, but based on the Fourth Amendment, is found in *Kelly v. Curtis,* 21 F.3d 1544, 1555 (11th Cir.1994).  In *Kelly,* to present a section 1983 claim termed "malicious prosecution," the plaintiff alleged and proved a Fourth Amendment violation:  arrest, in fact, followed by an unlawful warrant application and physical restraint.  The plaintiff sought damages which included the prosecution following the arrest.  Given the circumstances, we called the claim one for "malicious prosecution."  *Id.* at 1553;  *see also Barts v. Joyner,* 865 F.2d 1187 (11th Cir.1989) (requiring unconstitutional seizure—as well as proof of causation—to obtain damages relating to prosecution).  Whiting also recognized the rule of *Albright* in basing his complaint here on a Fourth Amendment seizure theory.

Given *Albright* and *Kelly* and—in particular—the language of the Fourth Amendment, we think referring to a federal "right" to be free from malicious prosecution is actually a description of the right to be free from an unlawful seizure which is part of a prosecution.

they—whether or not there is a federal "right" (even in the absence of some moment of physical restraint) not to be prosecuted in state court without probable cause—are the proper basis for a section 1983 claim.

Because Whiting relies chiefly on what has been called a "continuing seizure" theory, we will discuss this claim a little. Under this theory—which is explained most completely in Justice Ginsburg's concurring opinion in *Albright*—Whiting would have alleged a Fourth Amendment "seizure" because he alleged that, after his arrest, he was released on bond and obliged to appear to answer the charges against him. *See Albright,* 510 U.S. at ---- - ----, 114 S.Ct. at 814-17 (Ginsburg, J., concurring). But, Justice Ginsburg's opinion was not joined by other justices. And, the Seventh Circuit has recently (post- *Albright* ) reaffirmed its rejection of the theory. *See Reed v. City of Chicago,* 77 F.3d 1049, 1052 n. 3 (7th Cir.1996). We also have questions about the theory, but we do not need to reach a final decision about it today.

Whiting also points us to two other possible seizures—his arrest and his surrender after he learned of a warrant.[5] The

---

[5]In paragraph 35 of the complaint, for example, Whiting alleges that malice was implied "by the lack of probable cause in the underlying arrest." He also says Traylor made material misstatements of fact in support of the prosecution. Knowingly making false statements to obtain an arrest warrant can lead to a Fourth Amendment violation. *See U.S. v. Martin,* 615 F.2d 318, 327-29 (5th Cir.1980) (extending *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to arrest warrant cases).

And, in paragraph 29, Whiting quotes from the order dismissing his criminal charges, where the Florida Court concluded as a matter of law that Whiting did not commit the

district court appeared to agree—correctly, we think[6]—that these kinds of physical restraints were seizures that could be the basis of a section 1983 claim; but, he concluded that claims based on these seizures would be time barred because the seizures occurred outside the four year limitation period.

The Supreme Court tells us that some section 1983 claims do not begin to accrue until well after the constitutional injury. *See Heck v. Humphrey,* --- U.S. ----, ----, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994). So, sometimes a section 1983 claim can be timely even though the claim is based on an unlawful act which occurred outside the limitations period. In determining when a section 1983 claim accrues (as well as the elements which must be pled to state a claim) we must seek help from the common law tort which is most analogous to the claim in the case before us. *Id.* at ----, 114 S.Ct. at 2367.

Here, Whiting says that Defendants applied for and obtained an arrest warrant and—based on the warrant—caused him to be unreasonably "seized" in 1988. He says also he was unlawfully arrested in February 1989. Obtaining an arrest warrant is one of

---

crime which Defendants said they witnessed and for which Defendants obtained an arrest warrant. This language also suggests an allegation of a seizure in violation of the Fourth Amendment.

[6]Justice Rehnquist observed in *Albright* that Albright's "surrender to the State's show of authority" (that is, his voluntary surrender following the issuance of an arrest warrant) "constituted a seizure for purposes of the Fourth Amendment." 510 U.S. at ----, 114 S.Ct. at 812. So, Whiting's initial surrender was a "seizure;" he subjected himself physically to the force of the state in response to an arrest warrant. And, we have no doubt that the forceful arrest of Whiting at the courthouse was a "seizure."

the initial steps of a criminal prosecution. Under these circumstances (that is, where seizures are pursuant to legal process), we agree with those circuits that say the common law tort "most closely analogous" to this situation is that of malicious prosecution.[7] *See Calero-Colon v. Betancourt-Bebron,* 68 F.3d 1, 3 (1st Cir.1995) (section 1983 claim for arrest and prosecution analogous to malicious prosecution tort where arrest pursuant to legal process); *see also Singer v. Fulton County Sheriff,* 63 F.3d 110, 115-16 (2d Cir.1995) (same).[8] At common law, a plaintiff had no malicious prosecution claim until the underlying proceeding was terminated in his favor.[9]

---

[7]From the allegations in Whiting's complaint, it does not appear that the February 1989 arrest was pursuant to an arrest warrant. Instead, it seems Whiting was charged in a direct information and, on the charges in that information, arrested by Traylor at the courthouse. Then, an arrest affidavit was submitted by Traylor. An arrest following the issuance of an information is an arrest as part of a prosecution. *See Erp v. Carroll,* 438 So.2d 31, 40 (Fla.App.1983) (observing that "criminal prosecutions are commenced with the filing of an information ... or at least an arrest pursuant to a[n] ... arrest warrant"). Where an arrest is made after the filing of an information and the arrest is the basis of a Fourth Amendment section 1983 claim, we think the tort of malicious prosecution is the most analogous tort to the section 1983 claim.

[8]In contrast, where an arrest is made before the commencement of a criminal proceeding, the most analogous tort might be that of "false arrest." At common law, false arrest actions accrue before the termination of the proceeding. Also, false arrest actions provide recovery for injuries suffered between the time of the arrest and the issuance of legal process. *See Heck,* --- U.S. at ----, 114 S.Ct. at 2371.

[9]The question of whether a disposition is "favorable" is not always an easy one. For example, in *Singer,* 63 F.2d at 118, the Second Circuit held that a dismissal in the interests of justice was not a favorable termination. The Florida Supreme Court discussed the meaning of "favorable termination" in *Alamo Rent-A-Car, Inc. v. Mancusi,* 632 So.2d 1352, 1356 (Fla.1994) (observing that not all nol pros dispositions result in a termination in defendant's favor).

So, where a section 1983 plaintiff is seized following the institution of a prosecution (for example, after a warrant has been issued for arrest or after an information has been filed) and he seeks to recover damages for all the elements of the prosecution, he can properly wait until the prosecution terminates in his favor to bring his section 1983 claim which alleges that the seizure was unreasonable. *See, e.g., Calero-Colon,* 68 F.3d at 4; *cf. Heck,* --- U.S. at ----, 114 S.Ct. at 2371. The statute of limitations will not bar the action as long as the action is promptly brought when the prosecution has terminated.

In sum, a section 1983 plaintiff must always base his claim on the violation of a specific federal right. Where the right said to be violated is the Fourth Amendment, the plaintiff must establish a concrete violation of that right. When the seizure is part of the institution of a prosecution (that is, when the Fourth Amendment violation is of the kind making a section 1983 claim based on the violation analogous to the tort of malicious prosecution), the plaintiff may properly wait to sue until the prosecution terminates in his favor. And, also under analogous malicious prosecution principles, injuries caused by the unlawful seizure may include those associated with the prosecution.[10]

---

[10]Recovery of damages is limited to those injuries proved to be *caused by the defendants.* This lawsuit is against arresting officers. In many cases, arresting officers will not be responsible for the continuation of the prosecution because the prosecutor (or some other factor) will break the causal link between defendants' conduct and plaintiff's injury. *Cf. Eubanks v. Gerwen,* 40 F.3d 1157, 1160-61 (11th Cir.1994) (affirming summary judgment for arresting officers because officers had nothing to do with decision to prosecute) (citing *Barts v. Joyner,* 865 F.2d 1187 (11th Cir.1989)); *cf. also Reed,* 77 F.3d at 1053 (observing "the State's Attorney, not the police,

Applying these considerations to the allegations in Whiting's complaint, we vacate the order of dismissal and remand for further proceedings.[11]

VACATED and REMANDED.

---

prosecutes a criminal action") *and Meacham,* 82 F.3d at 1563 (preliminary hearing and ruling of judge breaks "chain of causation"). For now, we are deciding a case about pleadings and not one about proof of causation.

[11]After dismissing the federal claim in Count I, the district court dismissed the state claim in Count II for lack of jurisdiction. We vacate the dismissal of Count II and remand for further proceedings on the state claim.