[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14455
Non-Argument Calendar

_____

D. C. Docket No. 04-10084-CV-KMM

THOMAS GEORGE HYLAND,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
TODD KOSON,

Defendants-Appellees,

NADINE HOOD,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 29, 2007)**

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Thomas George Hyland sued Todd Koson, his probation officer, under 42 U.S.C. § 1983 for: (1) causing him to be illegally confined to a halfway house, contrary to the state court's incarceration order; and (2) knowingly falsifying information on an arrest affidavit that Hyland had violated his probation, causing Hyland to be falsely arrested. The district court granted summary judgment to Koson based on qualified immunity and Hyland's failure to exhaust his administrative remedies, and denied Hyland's cross motion for summary judgment. Hyland appeals.

## I.

The district court granted summary judgment to Koson on Hyland's illegal confinement claim based on Hyland's failure to exhaust his administrative remedies. Hyland contends on appeal that the court erred in concluding that he needed to exhaust his administrative remedies because: (1) the correctional facility he was in when he filed his § 1983 claims did not have an established grievance procedure; (2) he did in fact exhaust his administrative remedies at the halfway house; (3) under the Florida Department of Corrections' grievance procedure, the substance of a state court's incarceration order was not subject to administrative

remedies; and (4) he was not able to remedy his confinement at the halfway house because it was not part of the order of probation.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In deciding whether a prisoner has exhausted his administrative remedies, we do not review the effectiveness of those remedies, but rather whether remedies were available and exhausted. Alexander v. Hawk, 159 F.3d 1321, 1326–27 (11th Cir. 1998). The exhaustion requirement is mandatory. Id. at 1325–26. The Supreme Court has determined that the PLRA's mandatory exhaustion requirement applies to all federal claims brought by any prisoner. Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 986 (2002).

Hyland first contends that exhaustion was unnecessary in this case because there were no administrative remedies available to him at the correctional facility where he was incarcerated at the time he filed his § 1983 claims. Hyland's contention is not supported by the record. In his complaint, Hyland checked the "Yes" box when asked, "Is there a prisoner grievance procedure in this institution [the one where you are currently incarcerated]?" (R1:1:3.) When asked, "Did you

3

present the facts relating to your complaint in the state prisoner grievance procedure?," Hyland checked the "No" box. (Id.) Hyland was required under the PLRA to pursue his administrative remedies even if he was confined to a different correctional facility from the one where his rights were allegedly violated. See Napier v. Preslicka, 314 F.3d 528, 534 (11th Cir. 2002) ("the PLRA covers all federal civil lawsuits filed by prisoners concerning emotional or mental injury suffered while in past or present custody, even if the subject of the filed lawsuits is unrelated to the current imprisonment").

The halfway house where Hyland alleges that he was illegally confined also had a grievance procedure, a copy of which Hyland received and acknowledged. Hyland contends that he exhausted the administrative procedures at the halfway house when he told his probation officer about his illegal confinement. However, talking with the probation officer is only the first of the five steps in the Department of Corrections' grievance process. If the issue raised is not resolved at that first step, a complaining resident of the halfway house must then: (2) talk with the probation officer's supervisor, and if it is still not resolved; (3) file a written complaint with the circuit administrator, and if it is still not resolved; (4) file a written complaint with the regional director, and if it is still not resolved; (5) file a written complaint with the assistant secretary of probation and parole. Hyland did

4

not do any of those things.

Hyland's third contention is that his illegal confinement was not grievable under the Department of Corrections' grievance procedures because his complaint is that the state's incarceration order was illegal or invalid. This, however, is a mischaracterization of Hyland's complaint to Koson and his § 1983 claim. Hyland has never contended in this lawsuit that the state court's incarceration order was illegal or invalid. His claim instead has been that Koson had misunderstood the confinement order and had confined him at the halfway house in violation of the order. The state Department of Corrections' interpretation and application of court orders and the conditions of an inmate's care or supervision are specifically included in the grievance procedures as "grievable matters" that "[a]n offender may file a grievance regarding." (R:103:Ex.L:2.) Hyland's failure to exhaust these state remedies is not excused on this ground.

Hyland's final contention is related to his third one: he argues that because the confinement order did not provide for his confinement at the halfway house, there was nothing to file a grievance about. But the conditions of his confinement and the probation officer's interpretation of the confinement order, which are both covered by the Department's grievance procedures, are directly in dispute. Under the PLRA, Hyland was required to exhaust the administrative procedures

5

challenging Koson's interpretation and application of the confinement order and the conditions of his confinement, even if doing so would have been futile. Alexander, 159 F.3d at 1327. Because Hyland did not do so, summary judgment was appropriate on his illegal confinement claim.

## II.

The district court granted summary judgment on Hyland's false arrest claim based on Koson's qualified immunity from suit. Hyland contends that the state court's order of confinement did not contain a requirement that he complete the program at the halfway house, and therefore Koson falsely stated on the arrest affidavit that Hyland had violated condition nine of his probation, which required that he comply with all of the probation officer's instructions. Koson's false statement in the arrest affidavit, Hyland argues, led to his false arrest.

In order to be eligible for summary judgment on grounds of qualified immunity, the government employee must have been engaged in a discretionary function. Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1263–64 (11th Cir. 2004). If the court concludes that the defendant engaged in a discretionary function, the burden shifts to the plaintiff to prove that the defendant is not entitled to qualified immunity. Id. at 1264. To overcome qualified immunity, the plaintiff must satisfy a two prong test. He must show that: (1) the defendant violated a

constitutional right, and (2) this right was clearly established at the time of the alleged violation. Id.

"Knowingly making false statements to obtain an arrest warrant can lead to a Fourth Amendment violation." Whiting v. Taylor, 85 F.3d 581, 585 n.5 (11th Cir. 1996). "[T]he Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest in order to detain a citizen . . . if such false statements were necessary to the probable cause." Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir. 1999). However, a "warrant is valid if, absent the misstatements or omissions, there remains sufficient content to support a finding of probable cause." Dahl v. Holley, 312 F.3d 1228, 1235 (11th Cir. 2002). An arrest made with probable cause is an absolute bar to a § 1983 false arrest claim. Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

In this case, Koson was engaged in a discretionary function when he caused Hyland to be arrested based on alleged probation violations. See Herren v. Bowyer, 850 F.2d 1543, 1545 n.5 (11th Cir. 1988) (sheriff performed a discretionary function when he made an arrest even though it was done without probable cause or a warrant). The burden is on Hyland to show that Koson violated his constitutional rights, in this case, the right to be free of unreasonable seizures. Hyland has failed to meet this burden.

Even if we credit Hyland's allegation that Koson falsely stated that Hyland violated condition nine of his probation, Koson's arrest affidavit also provided that Hyland violated condition three of his probation, which prohibited him from changing his residence or leaving the county without Koson's consent. Hyland does not contend that Koson falsely stated that he violated condition three of his probation, nor does he argue that Koson lacked probable cause to make such a charge in the arrest affidavit. In fact, Hyland admitted to the state court judge that he changed his address and moved to a different county without permission. Based on this admission, the state court found that Hyland had violated his probation and sentenced him to jail.

Accordingly, Koson's arrest affidavit was valid and supported by probable cause, even without the allegedly false statements related to Hyland's violation of condition nine. See Dahl, 312 F.3d at 1235. Given that Hyland's arrest based on Koson's affidavit was supported by probable cause of a probation violation, Hyland is absolutely barred by qualified immunity from asserting his § 1983 false arrest claim against Koson. See Ortega, 85 F.3d at 1525. The district court properly granted summary judgment to Koson on this claim.[1]

---

[1] Hyland contends that he is entitled to summary judgment on his malicious prosecution claim. This claim, however, was first asserted in his response to Koson's motion for summary judgment. We have held that "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P.

8

**III.**

Hyland also contends that the district court erred by: (1) denying his motion to reinstate Nadine Hood as a party to the lawsuit; (2) denying his motion for the court to take Hood's deposition and to propound interrogatories to her; and (3) denying his motion to join Danny Kohlage and Ruth Thurston as parties to his lawsuit.

We first address Hyland's contention that the court erred in denying his motion to reinstate Hood as a defendant in this lawsuit. Hyland had initially named Hood as a defendant, but pursuant to the PLRA, the magistrate judge recommended that the court dismiss Hyland's claims against Hood because he had failed to state a claim upon which relief could be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) (for federal causes of action filed by prisoners, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). Hyland did not file objections to the magistrate judge's report and recommendation. The district court ordered, consistent with the magistrate judge's recommendation, that Hyland's claim against Hood be dismissed. Hyland does not appeal the dismissal of his claims against Hood.

15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004).

9

A year later, Hyland moved to reinstate Hood as a defendant, alleging the same deficient theory of liability. The magistrate judge recommended that the motion be denied because Hyland again had failed to state a claim, and the district court agreed over Hyland's objection.

The district court did not abuse its discretion in denying Hyland's motion to add Hood as a party. See Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Hyland, both initially and a year later, failed to state a claim against Hood and thus there was no reason to join her in the lawsuit. Hyland did not allege that Hood was in anyway responsible for or affirmatively acted to cause his confinement. And, by his own admission in his complaint, Hyland did not exhaust his administrative remedies as to Hood. Thus, for both reasons, dismissal would have been appropriate had the court granted Hyland's motion to join Hood into the lawsuit. It was not an abuse of discretion to avoid a second, needless dismissal.

Hyland next contends that the court erred in denying his motion for it to depose Hood and to allow him to propound interrogatories to her. We review the district court's discovery rulings for an abuse of discretion. Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004). We find no abuse of discretion here.

Hood's testimony, either through deposition or interrogatory, was not

relevant to Hyland's claims against Koson, and in particular was not relevant to his failure to exhaust administrative remedies and Koson's qualified immunity defense. Instead, Hyland sought Hood's testimony in support of his claims against her. But since the district court did not abuse its discretion in denying Hyland's motion to join Hood in the lawsuit, it was not an abuse of discretion to refuse him discovery from a nonparty whose testimony was irrelevant to the pending claims.

Hyland's final contention is that the district court erred in denying his motion to add Kohlage and Thurston as defendants to his lawsuit. As we noted above, "[t]he decision to join additional parties is left to the discretion of the district court and will not be disturbed unless the court has abused its discretion." Dean, 951 F.2d at 1215. As before, we do not find an abuse of discretion.

Hyland filed his motion to join the two additional parties on November 8, 2005. This was one month before discovery was set to end. Also, Hyland already had a separate lawsuit against Kohlage and Thurston alleging the same facts and causes of action as Hyland attempted to raise in this case. Hyland v. Kohlrage, 158 F. App'x 194, 195 (11th Cir. Nov. 29, 2005). Given that this case had been pending for a year and was close to the end of discovery, the addition of the two parties would have caused significant delay with new discovery requests, and Hyland was not prejudiced in anyway by the denial of his motion since he was able

to prosecute the same claims in a separate lawsuit, the court did not abuse its discretion by denying Hyland's motion. See United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982) ("We further conclude that the district court acted well within its discretion in denying joinder of McIntosh County and various county officials pursuant to Fed. R. Civ. P. 20(a). The district judge appropriately considered that joinder would not serve the interests of judicial economy in view of the late stage of the proceedings and the lack of any disadvantage to the defendants in bringing their claims in a separate action.").

**AFFIRMED.**