[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14720
Non-Argument Calendar

_____

D. C. Docket No. 06-80678-CV-KLR

JARED S. FOX,

Plaintiff-Appellant,

versus

ROBERT GRAFF,
JOSEPH HERB,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2008)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Jared S. Fox appeals pro se the district court's order granting summary judgment to Port St. Lucie Sheriff Robert Graff and West Palm Beach Police Officer Joseph Herb ("Officers") on Fox's pro se 42 U.S.C. § 1983 claim alleging (1) false arrest, and (2) malicious prosecution.[1] Fox claims summary judgment was not appropriate because a material issue of genuine fact exists as to whether the Officers fabricated the serial number from the $20 bill Sheriff Graff was provided with by the police department to establish probable cause for Fox's arrest. Fox further claims that, with respect to his malicious prosecution claim, because the evidence is in dispute, the existence or non-existence of malice and want of probable cause are questions of fact for the jury. For the reasons set forth more fully below, we affirm.

After discovery, the Officers filed a motion for summary judgment. The Officers asserted that summary judgment was proper because (1) probable cause existed for Fox's arrest, and (2) the Officers were entitled to qualified immunity. In an affidavit filed in support of the motion for summary judgment, Sheriff Graff stated that Fox had sold him two bags of marijuana on October 4, 2002, and Fox was immediately identified and arrested. Sheriff Graff also stated in the affidavit

---

[1] Fox filed his complaint against the Officers in both their individual and official capacities. However, adopting the magistrate judge's preliminary report, the district court ordered that only Fox's claims against the Officers in their individual capacities be allowed to proceed.

that he positively identified Fox as the man who sold him marijuana at the scene of the arrest, and the takedown officers arrested Fox based upon his eyewitness identification.

In his report, the magistrate judge determined that Sheriff Graff positively identified Fox as the person who sold him marijuana, and Officer Herb, who was part of the takedown team, reasonably relied upon that description to effectuate the arrest. The magistrate found that there was no evidence of any motive for Sheriff Graff to falsify evidence against Fox, and Fox had not submitted any evidence indicating that probable cause did not exist for his arrest. Thus, because there was arguable probable cause as required by law, the magistrate recommended that Fox's claim of false arrest be dismissed as to both defendants. Because probable cause existed for Fox's arrest, the magistrate also determined that Fox could not maintain a claim for malicious prosecution. The magistrate concluded that Fox had not shown that his constitutional rights were violated by the arrest, and, therefore, the Officers were entitled to qualified immunity and summary judgment as a matter or law.

The district court adopted, affirmed, and approved the magistrate judge's report and recommendation and granted the Officers' motion for summary judgment.

We review de novo a district court's grant of summary judgment. Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In making this determination, we 'view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant.'" Skop, 485 F.3d at 1136 (citations omitted).

"Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Bashir v. Rockdale County, 445 F.3d 1323, 1327 (11th Cir. 2006) (citation and brackets omitted). "To overcome qualified immunity, the plaintiff must satisfy a two prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). "[T]he two inquiries must be conducted in the proper order." Skop, 458 F.3d at 1137 (citation omitted).

The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992). "Probable cause determinations traditionally have been guided by reviewing the totality of the circumstances." Id. An arrest made with probable cause is an absolute bar to a § 1983 false arrest claim. Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

"While an officer who arrests an individual without probable cause violates the Fourth Amendment, this does not inevitably remove the shield of qualified immunity." Skop, 485 F.3d at 1137. Even if the officer did not in fact have probable cause, we apply the standard of "'arguable probable cause,' that is, whether 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest.'" Id. (citation and brackets omitted) (emphasis in original).

"[T]he Constitution prohibits a police officer from knowingly making false

5

statements in an arrest affidavit about the probable cause for an arrest in order to detain a citizen . . . if such false statements were necessary to the probable cause." Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir. 1999); see also Whiting v. Taylor, 85 F.3d 581, 585 n.5 (11th Cir. 1996) ("Knowingly making false statements to obtain an arrest warrant can lead to a Fourth Amendment violation"). "A search warrant may be voided if the affidavit supporting the warrant contains deliberate falsity or reckless disregard for the truth, and this rule includes material omissions. Dahl v. Holley, 312 F.3d 1228, 1235 (11th Cir. 2002) (internal citations omitted). However, a "warrant is valid if, absent the misstatements or omissions, there remains sufficient content to support a finding of probable cause." Id. (citation omitted).

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation [of a federally protected right]." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). The common law tort of malicious prosecution includes the following six elements under Florida law:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of

6

the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

Id.

As an initial matter, Fox has presented no evidence that the Officers deliberately or recklessly misstated the evidence or omitted any material fact which would negate a finding of probable cause. Although Fox claims that the serial number listed on Sheriff Graff's probable cause affidavit did not match the serial number that the Officers testified to at trial, the discrepancy does not defeat the probable cause determination that was, as discussed below, sufficient based on Sheriff Graff's eyewitness account of Fox selling him marijuana.

Viewing the evidence and all factual inferences in the light most favorable to Fox, probable cause existed for Fox's arrest. Sheriff Graff stated that Fox sold him two bags of marijuana on October 4, 2002. Sheriff Graff gave Fox's description to the takedown team, and Fox was immediately arrested. Sheriff Graff positively identified Fox as the person who sold him the marijuana, and Fox was officially placed under arrest. Therefore, probable cause existed for Fox's arrest, even though, as the Officers concede, the $20 bill that Sheriff Graff allegedly used for the sale was never recovered, because the Officers had "facts and circumstances within their knowledge sufficient to warrant a reasonable belief that [Fox] had committed . . . a crime." Gonzalez, 969 F.2d at 1002. Thus, Fox has not shown

7

that his constitutional rights have been violated, and, therefore, the Officers were entitled to qualified immunity. Further, the district court did not err by dismissing Fox's malicious prosecution claim because Fox cannot show an absence of probable cause for his arrest. Accordingly, the Officers were entitled to judgment as a matter of law.

In light of the foregoing, the district court's grant of summary judgment is **AFFIRMED.**