[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15400
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-22883-CV-JAL

EUGENE HUNTER, JR.,

Plaintiff-Appellant,

versus

ROBERT E. MILLER,
MIAMI DADE SHERIFF'S OFFICE,
d.b.a. Metro Dade Police Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 22, 2010)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant, a prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint brought under 42 U.S.C. § 1983 to vindicate his rights under the Fourth and Fourteenth Amendments.[1] The court dismissed the complaint because, although appellant alleged that appellee's challenged conduct occurred before he was arrested or legal process commenced, it constituted a tort action for malicious prosecution.

When, as here, a plaintiff alleges that his seizure occurred as part of the institution of a criminal prosecution, the Fourth Amendment violation is analogous to the tort of malicious prosecution. *Whiting v. Traylor*, 85 F.3d 581, 586 (11th Cir. 1996). *Id.* at 586. In that appellant was convicted, he cannot establish an essential element of the tort—that his prosecution terminated in his favor.[2] His

---

[1] As a preliminary matter, we decline to reconsider our previous determination that Hunter's appeal is timely because the district court did not enter its final judgment in a separate document. *See* Fed. R. App. P. 4(a)(7)(A)(ii).

[2] Under Florida law, to establish the tort of malicious prosecution, a plaintiff must establish each of six elements:
> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

complaint was therefore due to be dismissed.[3]

Affirmed.

---

[3] In light of this conclusion, we need not consider whether appellant's claim was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).