[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15187
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00155-MW-GRJ

MUSTAFA OJONUBA JIBRIN,

Plaintiff-Appellant,

versus

HUSSEINA JIBRIN ABUBAKAR,
KATIMA OYIBO, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 14, 2020)

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Mustafa Jibrin filed a *pro se* complaint in the instant case alleging civil rights violations under 42 U.S.C. § 1983.  The district court *sua sponte* dismissed his amended complaint because it was frivolous and failed to state a claim, and implicitly denied his request to amend his complaint a second time.  On appeal, Jibrin argues that there was no compelling reason to dismiss his amended complaint and that he should have been granted leave to amend his complaint again.  We affirm.[1]

## I. BACKGROUND

Because we write only for the benefit of the parties, we recount the background insofar as it is relevant to the decision we reach today.  Jibrin, a graduate student at the University of Florida holding an F-1 visa, was married to Husseina Abubakar, who—along with their children—held an F-2 visa.  Jibrin alleges that Abubakar and her friend, Katima Oyibo, both of whom are named defendants in this case, conspired to invent a charge of domestic violence against him after he obstructed Abubakar's plan to illegally remain in the United States.

The gist of Jibrin's allegations, as we understand them, is that Abubakar recorded her conversations with him, fraudulently edited the recording, and used it to file a restraining order against him.  He also alleges that defendant Peaceful

---

[1] Because we affirm the district court's order without oral argument, we **DENY AS MOOT** Jibrin's motion to expedite oral argument.

Paths, a domestic-violence support organization in Gainesville, Florida, participated in Abubakar's scheme. And when the University of Florida Police Department arrested Jibrin in response to Abubakar's complaint, he alleges that they fabricated the charges against him and prevented him from finishing his graduate research work by issuing a trespass order against him.

Accordingly, Jibrin initiated the following *pro se* complaint against Abubakar, Oyibo, Peaceful Paths, the University of Florida, and the UF Police Department. His complaint alleged civil rights violations under § 1983, and he sought both damages and injunctive relief—including, *inter alia*, Abubakar's deportation, Oyibo's repatriation to her country of origin, and that UF provide certain services to its international students and facilitate his participation in research opportunities and grants. He then sought leave to amend his complaint and to proceed *in forma pauperis*, and intended to add the State of Florida and the "United States Citizenship and Immigration Control" as defendants. The magistrate judge granted Jibrin leave to proceed *in forma pauperis*, but denied his motion to amend his complaint because he did not sign it and did not use the court's *pro se* complaint form.

In a separate order, the magistrate judge ordered Jibrin to amend his complaint. The magistrate judge recommended that Jibrin's claims against Abubakar, Oyibo, Peaceful Paths, UF, and the UF Police Department be

3

dismissed.[2]  With respect to the private parties, the magistrate judge concluded that

Jibrin could not maintain § 1983 claims against them, and that with respect to UF

and its associated police department, Jibrin's claims were precluded by the

Supreme Court's decision in *Monnell v. Department of Social Services*, 436 U.S.

658, 694 (1978), because he impermissibly sought to invoke *respondeat superior*

liability against state entities for the actions of their employees.  And the

magistrate judge concluded that the court lacked jurisdiction to order the injunctive

relief that Jibrin sought.  To the extent that Jibrin raised a cognizable claim for his

false arrest or false imprisonment, the magistrate judge noted that Jibrin needed to

name "the individual state actors who falsely arrested and maliciously prosecuted

him, and must allege facts that establish all elements of the alleged claims."

Jibrin responded to the magistrate judge's order by filing an amended

complaint that named William Cervone, the State Attorney for the Eighth Judicial

Circuit of Florida; Madeline Grippin, an Assistant State Attorney in the Eighth

---

[2] We note that Jibrin might be challenging the magistrate judge's recommendation that his initial complaint be dismissed.  While he does not explicitly do so, and while his notice of appeal challenges only the district court's adoption of the magistrate judge's R&R, he names the defendants from his initial complaint—Abubakar, Oyibo, Peaceful Paths, UF, and the UFPD—as appellees.  To the extent that he does so, we note that we lack appellate jurisdiction to review the magistrate judge's dismissal of Jibrin's initial complaint. Jibrin did not object to the district court's R&R and therefore has waived any challenge that he might raise on appeal. Fed. R. Civ. P. 72. Moreover, even if we properly exercised appellate jurisdiction, Jibrin's failure to raise any challenge means that he has abandoned any challenge to that dismissal on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009).

Judicial Circuit; and Michael Mayall, an officer with the UF Police Department. In relevant part, Jibrin alleged that Mayall arrested him on the basis of Abubakar's allegations, but that Mayall was not present at the scene of the alleged crime, there was no warrant issued for his arrest, and Mayall made fraudulent omissions in his police report. Cervone's office filed two felony charges of strangulation and kidnapping against him, for which Jibrin alleged there was a lack of probable cause. Jibrin alleges that the kidnapping charge was "discontinued" and the strangulation charge was prosecuted by Grippin as a misdemeanor before being dismissed.[3]

The magistrate judge issued a report and recommendation recommending that Jibrin's claims be dismissed once again. With respect to his claims against Cervone and Grippen, the magistrate judge concluded that they were barred by prosecutorial immunity. And with respect to his claims against Mayall, the magistrate judge concluded that Jibrin's false-arrest and malicious-prosecution claims failed as a matter of law because he failed to allege any facts suggesting that it was unreasonable for Mayall to arrest him based on Abubakar's complaint—and that, in any event, the state trial court determined that probable cause existed as to the charges.

---

[3] We note that there is nothing in the record indicating that the charges were dismissed, but we assume for the purposes of this opinion that they were.

5

Jibrin responded to the R&R by requesting reconsideration and by seeking leave to amend his complaint for a second time—but neither attached a proposed amended complaint nor set forth the substance of his proposed amendment.  The magistrate judge denied the request for reconsideration and implicitly determined that any amendment would be futile.  The district court adopted the R&R and dismissed Jibrin's claims pursuant to 28 U.S.C. §  1915(e)(2)(B) for failure to state a claim, determined that the magistrate judge's denial of reconsideration was not clearly erroneous, and implicitly denied Jibrin's request for leave to amend.  Jibrin timely appealed to us.

## II. ANALYSIS

On appeal, Jibrin argues that there was no compelling reason to dismiss his amended complaint and he should have been granted leave to amend his complaint again.

A district court shall dismiss an *in forma pauperis* complaint at any time if it determines that the action or appeal: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  We review a *sua sponte* dismissal for frivolity under § 1915(e)(2)(B)(i) for abuse of discretion.  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  Dismissals

for failure to state a claim under § 1915(e)(2)(B)(ii) are reviewed *de novo*. *Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir. 2001).

For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact. *Napier*, 314 F.3d at 531. A determination of frivolity is best left to the district court, and the decision will not be disturbed so long as the district court stays within its range of choice and is not influenced by any mistake of law. *Bilal*, 251 F.3d at 1349.

The same standards applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6) govern this Court's review of dismissals under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). As with Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to avoid dismissal under § 1915(e)(2)(B)(ii). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

"[T]o prevail on a civil rights action under [42 U.S.C.] § 1983, a plaintiff must show that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation omitted).

7

"Although the text of 42 U.S.C. § 1983 does not explicitly provide immunity, the Supreme Court has reasoned that at the time Congress enacted § 1983, Congress meant to incorporate the common law immunities then available, or would have explicitly provided otherwise." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). As such, Eleventh Amendment sovereign immunity applies in § 1983 suits. *See id.* Similarly, prosecutors are absolutely immune from liability for damages under § 1983 for all actions taken while performing their function as an advocate for the government. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002).

A § 1983 claim for malicious prosecution arises where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and, due to that seizure, injuries follow as the prosecution goes ahead. *Whiting v. Traylor*, 85 F.3d 581, 584 n.4 (11th Cir. 1996). "To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable *seizures* in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (emphasis in original). "As to the constituent elements of the common law tort of malicious prosecution, [we have] looked to both federal and state law and determined how those elements have historically developed." *Id.*

8

Under Florida law, a plaintiff must establish six elements to support a malicious prosecution claim: (1) an original judicial proceeding against the plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a *bona fide* termination of that proceeding in favor of the plaintiff; (4) there was a lack of probable cause in the original proceedings; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002). As to the second element, the defendant is not the legal cause of the original proceeding if there were intervening acts that broke the chain of causation. *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989).

As with frivolity determinations, we also review the denial of a motion to amend for an abuse of discretion, although we review *de novo* the underlying legal conclusion of whether a particular amendment to the complaint would be futile. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1093–94 (11th Cir. 2017). A plaintiff must either "set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (quotation omitted). A court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, a *pro se* plaintiff must be given at least one chance to amend

9

his complaint before the court dismisses it.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542, 542 n.1 (11th Cir. 2002) (en banc).  "But a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the complaint as amended is still subject to dismissal."  *Chang*, 845 F.3d at 1094 (quotation omitted).  In making these determinations, we construe *pro se* pleadings liberally, *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), but a decision by a litigant to proceed *pro se* does not excuse their noncompliance with procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Here, the district court did not err in dismissing Jibrin's amended complaint as frivolous.  We read Jibrin's *pro se* brief as conceding that his claims against Cervone and Grippen were properly dismissed, but that his claim against Mayall was proper.  But even with respect to Jibrin's claims against Mayall, we conclude that the district court did not abuse its discretion in dismissing his claims as frivolous.  Even construing his pleadings liberally, his claims are utterly without merit.  His malicious-prosecution claim fails because the state trial court determined that probable cause existed for the charges, and so Mayall was not the "legal cause" of Jibrin's prosecution.  And Jibrin's complaint simply fails to set out the predicate elements of a malicious-prosecution claim: he does not show that

10

Mayall improperly influenced the prosecutor or that he acted with malice. Accordingly, we conclude that Jibrin failed to allege facts sufficient to support a malicious-prosecution claim, and that the district court's dismissal of his complaint was not erroneous—much less an abuse of its discretion.

Finally, the district court also did not abuse its discretion by implicitly denying Jibrin leave to amend because he had previously been allowed to amend his complaint, any amendment would still have been futile and dismissed as frivolous, and he failed to submit a second proposed amendment.

**AFFIRMED.**