[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13610

Non-Argument Calendar

_____

CHARLES LYONS,

Plaintiff-Appellant,

*versus*

CITY OF ABBEVILLE, ALABAMA, et al.,

Defendants,

WILLIAM MADDOX,
Sheriff of Henry County, Alabama, in his individual and official capacity,
STEVEN SANDERS,
Deputy, Henry County Sheriff's Office, in his individual and official

2                    Opinion of the Court                    21-13610

capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:19-cv-00276-ECM-SMD

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Charles Lyons, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Lyons's claims arose from a search and seizure conducted by Deputy Steven Sanders of the Henry County Sheriff's Office. The complaint named Sanders and his supervisor, Sheriff William Maddox, as defendants. The district court granted the defendants' motion to dismiss because Lyons's claims against Sanders were barred by the applicable statute of limitations, and because he also failed to state a claim against Maddox. After careful consideration, we affirm.

**I.**

Sanders pulled Lyons over on the side of a highway on February 1, 2017. He informed Lyons that a state court in neighboring

Houston County, Alabama had issued a warrant to search his person, vehicle, and residence for property related to charges of identity theft and forgery. Sanders detained Lyons until officers from Houston County arrived. After they arrived, one of the Houston County officers read the warrant to Lyons. Those officers then drove Lyons's vehicle to his suspected residence and executed the search in Lyons's absence. Although the warrant was not directed to Sanders, he also went to the residence and seized certain items.

On April 18, 2017, Lyons was arrested on forgery-related charges based on the evidence that Sanders seized from the residence. This was the first time that Lyons was notified of any charges pending against him in Henry County.

On April 16, 2019, Lyons filed a Section 1983 action against Sanders and his supervisor, Sheriff Maddox, in federal court. In his second amended complaint (the operative complaint here), Lyons asserted that Sanders violated his civil rights by executing a search under another officer's warrant, and by failing to provide a receipt for the items seized. He also asserted that the Houston County search warrant was void because it listed an incomplete address for his residence. And he argued that Sanders's violations were the result of a custom of negligence and disregard for proper procedure in the department led by Maddox.

Maddox moved for dismissal, which the district court granted. The district court first explained that Lyons's claims against Sanders were barred under the applicable statute of limitations because the complaint was filed more than two years after the

offending search and seizure. It also found that there was an inadequate causal relationship for Maddox to be subject to supervisory liability for Sanders's actions. The district court thus dismissed Lyons's claims against both defendants for failure to state a claim. Lyons timely appealed.

## II.

We review *de novo* a district court's application of a statute of limitations. *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017).

We also review a dismissal for failure to state a claim *de novo* and view the complaint in the light most favorable to the plaintiff, accepting the factual allegations in the complaint as true. *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014). We liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.

Lyons argues that the district court erred in dismissing his claims against Sanders and Maddox. We address each of these claims in turn.

### A.

Lyons asserts that Sanders violated his civil rights by conducting a search and seizure under a warrant that did not list Sanders's name, and by failing to provide a receipt of any seized items. He also asserts that the Houston County warrant was void because it listed an incomplete street address. And he challenges the district court's holding that his claims against Sanders were time-barred under Alabama's statute of limitations.

The district court held that Lyons's claims against Sanders were time-barred because "Lyons knew in February [2017] that Sanders participated in the search and seizure." And a Section 1983 claim accrues when "the plaintiff knows or has reason to know that he has been injured." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). So, because Lyons filed his complaint on April 16, 2019, the district court held that the claims fell outside Alabama's two-year statutory window. *See* Ala. Code § 6-2-38(a); *see also McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are . . . subject to the statute of limitations governing personal injury actions in the state where the . . . action has been brought.").

But in reaching this conclusion, the district court misread the allegations in Lyons's second amended complaint. Lyons never said he knew in February 2017 that Sanders participated in the search. On the contrary, he alleged that although the Houston County officers read their warrant to him while he was initially

detained at the roadside, Sanders never told him that he would seize any property on behalf of Henry County. Lyons was absent when Sanders later searched the residence with the Houston County officers. And he was apparently unaware of Sanders's involvement in the search and seizure until charges were filed in Henry County on April 18, 2017. Accordingly, the district court erroneously found that he knew about this fact more than two months earlier.

Still, regardless of whether the statute of limitations was satisfied here, Lyons failed to state a plausible Section 1983 claim against Sanders. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) (quoting *United States v. Elmes,* 532 F.3d 1138, 1142 (11th Cir. 2008)) ("We are . . . free to affirm the district court's dismissal on 'any ground that is supported by the record.'").

"[T]o state a section 1983 claim, a plaintiff must point to a violation of a specific *federal* right." *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (emphasis added), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384, 389–90 (2007). Yet, in asserting that Sanders could not execute a warrant that was not directed to him, Lyons relied on Alabama Code § 15-5-7. Lyons similarly cited Alabama law for the proposition that Sanders was required to furnish a receipt for the seized items. *See* Ala. Code. § 15-5-11. And although Lyons broadly asserted that Sanders's actions violated the Fourth Amendment, he did not cite any federal authorities establishing that the Fourth Amendment's requirements

mirror those of the cited Alabama statutes. Nor has he done so on appeal.

The second amended complaint also argued that the Houston County warrant was "void" because it contained a street address without stating the city, the state, or a description of the residence. But again, Lyons has cited no federal authorities stating that a warrant must describe the subject premises with this degree of specificity.

Because Lyons has failed to provide any authorities establishing that Sanders violated a specific federal right, we conclude that the district court rightly dismissed the Section 1983 claims against him.

### B.

Lyons next argues that Sheriff Maddox implemented a department-wide custom of negligence and disregard for proper procedure, whereby Sanders violated his rights.

Supervisory liability under Section 1983 arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official" and the violation. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Here, Lyons does not allege that Maddox personally participated in any violation of his rights. And as just explained, he has failed to plausibly allege any such violation by Sanders. Because Lyons has not established any "underlying violation of a constitutional right by a supervisee," it necessarily

follows that Maddox cannot be subject to supervisory liability under Section 1983. *Rowell v. Bd. of Cnty. Commissioners of Muskogee Cnty., Oklahoma*, 978 F.3d 1165, 1175 (10th Cir. 2020). The district court thus correctly dismissed Lyons's claim against Maddox as well.

## IV.

The judgment of the district court is **AFFIRMED**.