814 So.2d 1246 (2002)
William H. DURKIN, Appellant,
v.
Margaret DAVIS, Violet C. Beasley, Noel K. Evans, and Evans & Donica, P.A., Appellees.
No. 2D01-2520.
District Court of Appeal of Florida, Second District.
May 3, 2002.
*1248 R. Patrick Mirk of R. Patrick Mirk, P.A., Tampa, for Appellant.
Maria A. Borland and Brett J. Preston of Hill, Ward & Henderson, P.A., Tampa, for Appellees Noel K. Evans and Evans & Donica, P.A.
Joseph M. Davis, Tampa, for Appellees Margaret Davis and Violet C. Beasley.
BLUE, Chief Judge.
William H. Durkin appeals the dismissal with prejudice of his complaint alleging entitlement to damages as the result of malicious prosecution. Although the complaint lacks clarity and requires amendment, we conclude it was error to dismiss with prejudice as to defendants Margaret Davis and Violet Beasley and thus reverse.
Mr. Durkin, a certified public accountant, based his claim of malicious prosecution on his successful defense of an action against him by Davis and Beasley, prosecuted by their attorneys, Evans & Donica and Noel K. Evans. In the prior action, Davis and Beasley claimed damages allegedly caused by a faulty financial statement prepared by Durkin upon which they relied in purchasing a business. Durkin alleges in this case that the claim was defeated because the financial statement, allegedly relied on by Davis and Beasley, was not prepared by him until after Davis and Beasley had entered into a binding contract to purchase the business. Thus they could not have acted in reliance on the statement prepared by Durkin, obviously a fact that Davis and Beasley had to know when they filed suit against him.
Durkin's amended complaint contained five counts: four for malicious prosecution against Margaret Davis, Violet Beasley, Noel Evans (attorney for Davis and Beasley in the earlier litigation), and Evans & Donica, P.A. The fifth count alleged conspiracy among the four named defendants.
In order to prevail in a malicious prosecution action, the plaintiff must establish each of six elements: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. See Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla.1986). Each element must be established to support a claim of malicious prosecution; only two are at issue here: whether there was an absence of probable cause for the original proceeding (the complaint against the accountant), and whether there was malice on the part of the defendants.
The question of probable cause is a mixed question of law and fact. Cold v. Clark, 180 So.2d 347, 349 (Fla. 2d DCA 1965). From our review it appears that Durkin is alleging that Davis and Beasley entered into a contract before Durkin even prepared the financial affidavit. If true, and if pleaded with greater clarity, this fact supports the lack of probable cause for the original proceeding against Durkin.
As to malice on the part of the defendants, the plaintiff need not allege actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others. Here, the allegations supporting a lack of probable cause *1249 are evidence from which a jury could infer malice.
"A dismissal with prejudice should not be ordered without giving the party ... an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action." Kapley v. Borchers, 714 So.2d 1217, 1218 (Fla. 2d DCA 1998). While Durkin's amended complaint was not a model of clarity, it does set forth a cause of action against Davis and Beasley. In light of Florida's public policy to allow amendment of pleadings, the trial court should not have dismissed the complaint with prejudice.
However, the amended complaint and the previous attempts to state a cause of action fail to indicate an ability to plead an actionable claim against Noel Evans and Evans & Donica, P.A. We conclude the trial court properly dismissed, with prejudice, the amended complaint as to Noel Evans and Evans & Donica, P.A.
So long as the attorney does not abuse that duty [to represent client zealously, seeking lawful objection, through legally permissible means] by prosecuting a claim which a reasonable lawyer would not regard as tenable or by unreasonably neglecting to investigate the facts and law in making his determination to proceed, his client's adversary has no right to assert malicious prosecution against the attorney if the lawyer's efforts prove unsuccessful.
Goldstein v. Sabella, 88 So.2d 910, 911 (Fla.1956).
Accordingly, we reverse the order dismissing the complaint with prejudice and remand for Durkin to file an amended complaint against Davis and Beasley. As to the counts against Mr. Evans and Evans & Donica, P.A., we affirm their dismissal with prejudice.
Affirmed in part, reversed in part, remanded for the filing of an amended complaint.
WHATLEY and SALCINES, JJ., concur.