[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11294
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 09-80040-CV-DTKH

CARLOS SHAARBAY,

Plaintiff-Appellant,

versus

PALM BEACH COUNTY JAIL,
UNITED STATES GOVERNMENT,
RHONDA CLARK,
#8535,
SGT. PATRICK S. WRIGHT,
#5932,
DESAI BAILEY,
#4387,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 23, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Carlos Shaarbay, a Florida prisoner proceeding *pro se*, appeals the *sua sponte* dismissal of his *in forma pauperis* ("IFP") 42 U.S.C. § 1983 complaint against defendants Palm Beach County Jail, the United States Government, Deputy Rhonda Clark, Sergeant Patrick S. Wright, and Deputy Desai Bailey. Shaarbay alleges that the defendants violated his right to procedural due process, violated his right to be free from illegal search and seizure, and engaged in malicious prosecution when they searched his cell and person, put him in segregated confinement for 30 days, and initiated criminal charges against him without a *Miranda* warning after finding a razor blade in his shirt pocket.

After a magistrate judge recommended that Shaarbay's complaint be dismissed for failure to state a claim, Shaarbay filed a motion for leave to file an amended complaint and a motion for reconsideration which the district court apparently treated as an objection to the magistrate judge's report and recommendation. On appeal, Shaarbay attempts to show that he sufficiently alleged a cognizable claim under 42 U.S.C. § 1983.[1] Shaarbay presents new

---

[1]Shaarbay's brief, however, appears to present further support for his original complaint and resembles more of an amended complaint rather than an appeal stating why his original complaint was sufficient to state a claim.

arguments in support of his original complaint that police seized him pursuant to a process that was not supported by probable cause in violation of the Fourth Amendment. He also argues that he sufficiently alleged that the officers acted with reckless disregard for the truth in arresting him and failed to give him a *Miranda* warning. Shaarbay explains that he was arrested for possession of contraband but later acquitted by a jury. Finally, he notes that he was found not guilty after being tried for possession of contraband but still had to serve 30 days in disciplinary confinement, and he claims that the malicious prosecution that kept him confined at the Palm Beach County Jail caused him to miss his opportunity to appeal his underlying criminal conviction.[2]

As a preliminary matter, Shaarbay waived his right to appeal the dismissal of the claims raised in his complaint regarding self-incrimination, freedom from isolation, cruel and unusual punishment, and equal protection, as well as any tort claims related to intentional infliction of emotional distress, civil conspiracy, or negligent supervision by failing to raise them in his brief before this court. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that issues not raised on appeal are deemed waived). We note that

_____

[2]Because Shaarbay did not allege that he was prevented from appealing his underlying criminal conviction in state court due to the officers' alleged malicious prosecution in his original complaint, we decline to address this new claim raised in his brief. *See Walton v. Johnson & Johnson Servs., Inc.*, 347 F.3d 1272, 1283 n.10 (11th Cir. 2003) (per curiam) (stating that this Court will not address an argument that was not raised before the district court).

dismissal of Shaarbay's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim may not preclude Shaarbay from filing another complaint in district court because the complaint was not dismissed with prejudice. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) (stating that dismissals under 28 U.S.C. §1915 "are not dismissals on the merits and, therefore, do not prejudice the later filing of a paid complaint.").

28 U.S.C. § 1915(e)(2)(B)(ii) mandates that the district court dismiss an IFP action if it determines that the action "fails to state a claim on which relief may be granted." Dismissal of a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A district court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed *de novo*, taking the allegations in the complaint as true. *Hughes*, 350 F.3d at 1159–60 (citing *Mitchell*, 112 F.3d at 1490). Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). After liberally construing Shaarbay's pleadings, we find no reversible error and affirm.

4

"Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb County, Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997) (citing *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)). Therefore, "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citing *Almand*, 103 F.3d at 1513). It is unclear whether Shaarbay's brief argues that he was deprived of due process of law, but assuming that it does, his argument is without merit. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

While there is no constitutional right not to be placed in disciplinary segregation, the Supreme Court has recognized that states may create liberty interests which are protected by the Due Process Clause. *See Sandin v. R.D Conner*, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 2300 (1995). However, in the prison context, state action will not violate due process unless it imposes an

5

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 484, 485. In *Sandin*, the Supreme Court found that the defendant's being placed in disciplinary segregation for 30 days was neither a "dramatic departure" from the ordinary conditions of confinement nor a "major disruption in his environment." *Id.* at 485–86. Shaarbay's procedural due process claim is without merit because he has not shown that the state's placing him in disciplinary confinement for 30 days was either "atypical" or imposed a "significant hardship." *See id.* at 484. Being handcuffed when out of his cell and having his access to resources monitored by the guards are also not a significant departure from general prison conditions. *See id.* at 485–86. Accordingly, Shaarbay did not allege facts showing that the defendants' confining him for 30 days could result in a due process violation.

Shaarbay failed to state a sufficient § 1983 illegal search and seizure claim based on a violation of the Fourth Amendment. The Supreme Court held that "[p]risoners have no Fourth Amendment rights against searches of their prison cells . . . ." *Padgett v. Donald*, 401 F.3d 1273, 1278 (11th Cir. 2005) (citing *Hudson v. Palmer*, 468 U.S. 517, 525–26, 104 S. Ct. 3194, 3200 (1984)).

Therefore, it was not a constitutional violation for the defendants to search Shaarbay's cell and person, and it is undisputed that a razor blade was found in Shaarbay's shirt pocket.

Shaarbay's complaint also does not sufficiently allege a § 1983 malicious prosecution claim. In order to prove malicious prosecution under § 1983, a plaintiff must establish "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). To establish the common law tort of malicious prosecution under Florida law, where the alleged events took place, Shaarbay must show that (1) an original judicial proceeding was commenced or continued against him; (2) the Palm Beach County Jail and the officers involved were the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in Shaarbay's favor; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the Palm Beach County Jail and the officers; and (6) Shaarbay suffered damages as a result of the original proceeding. *Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002)). Additionally, a Fourth Amendment violation "requires an intentional

acquisition of physical control. A seizure occurs even when an unintended person or thing is the object of the detention or taking, but the detention or taking itself must be willful." *Brower v. County of Inyo*, 489 U.S. 593, 596, 109 S. Ct. 1378, 1381 (1989) (internal citations omitted). Shaarbay alleges that the defendants initiated proceedings against him, which were terminated in his favor, and that the officers fabricated their testimony, which could show malice, but he does not allege in his original complaint that the proceeding was without probable cause or that he suffered any damages as a result. *See Kingsland*, 382 F.3d at 1234.

The district court did not err in dismissing Shaarbay's complaint because he failed to state a claim upon which relief could be granted as he alleged neither a § 1983 due process violation, a §1983 Fourth Amendment search and seizure violation, nor a § 1983 malicious prosecution claim. We affirm.

**AFFIRMED.**