**Steven Paul JONES, Plaintiff–Appellant,**

v.

**Tom BUTT, Shawn Burst, City of Plantation, City of Plantation Police Department, Defendants–Appellees.**

No. 15–12602
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 25, 2016.

Christopher J. Rush, Christopher J. Rush & Associates, PA, Boynton Beach, FL, Randall Mark Shochet, Shochet Law Group, Lake Worth, FL, for Plaintiff–Appellant.

Edmund Bruce Johnson, J. Marcos Martinez, Christopher J. Stearns, Johnson Anselmo Murdoch Burke Piper & Hochman, PA, Fort Lauderdale, FL, for Defendants–Appellees.

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff Steven Jones brought an action for malicious prosecution under 42 U.S.C. § 1983, alleging that Detective Tom Butt and Officer Shawn Burst (collectively, Defendants) violated his constitutional rights through a criminal investigation that culminated in his arrest on seven counts of lewd and lascivious molestation and one count of lewd and lascivious molestation on a victim under twelve. The district court granted summary judgment in favor of Defendants, finding, *inter alia,* that Detective Butt had probable cause to arrest and institute criminal proceedings against Jones and that Officer Burst played no role in Jones's arrest and prosecution. Jones appeals this determination.

On appeal, Jones argues that the district court erred in determining (i) there was sufficient evidence on the record to support a probable cause finding for Jones's arrest by Detective Butt and (ii) Officer Burst could be found to have initiated criminal proceedings against Jones.

I.

On February 2, 2008, Detective Butt reported to the Lakes of Jacaranda apartment complex ("Jacaranda Complex") to investigate the scene in which a male suspect had exposed himself to three minor victims (two five-year-old girls, I.L. and S.C., and one eight-year-old boy, M.L.) and forced one of the five-year old girls to touch his penis (the "Apartment Complex Incident"). During the course of the investigation into the Apartment Complex Incident, Detective Butt learned of multiple similar incidents in the vicinity, including one on November 26, 2007 in which a

white male suspect masturbated in front of middle school children at a bus stop less than a half-mile from the Jacaranda Complex (the "Bus Stop Incident").

The three victims of the Apartment Complex Incident were brought in for forensic interviews, and M.L. worked separately with a sketch artist to create a composite of the perpetrator.[1] Detective Butt then distributed this composite sketch as a flyer in the Jacaranda Complex.

After seeing the composite sketch, Officer Burst, a local police officer uninvolved in the investigation, emailed Detective Butt. He gave some background information of his previous experience investigating Jones as a suspect in various peeping tom incidents nearby, and previous arrests for loitering, prowling, and burglary. He also described a recent conversation with Jones's girlfriend's mother, Linda Van Brock, during which Brock stated that her daughter, Crystal Hasley, believed the sketch looked like Jones. He also noted that Van Brock mentioned Hasley had found a pair of little girl's underwear in the laundry she shared with Jones.

Detective Butt then created a lineup, which included a photograph of Jones, to show to the victims. Two of the victims from the Bus Stop Incident positively identified Jones as the perpetrator in that incident. On February 12, 2008, Detective Butt arrested Jones without a warrant. Jones was charged with seven counts of lewd and lascivious molestation and one count of lewd and lascivious molestation on a victim under twelve. He was denied pre-trial release.[2] On January 26, 2010,

---

1. Although M.L. based his description of the perpetrator off the photograph of a known sex offender, David Pemberton, he explicitly stated to authorities that Pemberton was not the actual perpetrator, he just resembled the

perpetrator. As a precautionary measure, Detective Butt interviewed Pemberton and cleared him as a suspect.

2. The Court held an *Arthur* hearing in order to determine the sufficiency of the evidence

the state attorney dropped all charges against Jones.

## II.

We review the district court's entry of summary judgment de novo. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). "In making this determination, we view the evidence and all factual inferences therefrom in the light most favorable to [Jones], and resolve all reasonable doubts about the facts in favor of [Jones]." *Id.* (internal quotation mark omitted).

"To establish a federal malicious prosecution claim under [42 U.S.C.] § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir.2004). Under Florida law, a plaintiff must demonstrate each of the following six elements in order to establish a claim of malicious prosecution:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant[s] w[ere] the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant[s]; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla.Dist.Ct.App.2002)).

Qualified immunity generally insulates government officials from liability under § 1983. *See Bashir v. Rockdale Cty.*, 445 F.3d 1323, 1327 (11th Cir.2006). To receive qualified immunity, a government official initially must show that he was "engaged in a discretionary function" during the alleged violation. *Skop*, 485 F.3d at 1136. The burden then shifts to the plaintiff to "overcome the defendant's privilege" by proving that the defendant violated a federal constitutional or statutory right that was "clearly established" at the time of the defendant's conduct. *Douglas Asphalt v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir.2008); *see Skop*, 485 F.3d at 1137.

Qualified immunity relates to probable cause in the § 1983 context. *See Rushing v. Parker*, 599 F.3d 1263, 1265 (11th Cir. 2010) (per curiam). It is clearly established that "an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment." *Kingsland*, 382 F.3d at 1232; *see Skop*, 485 F.3d at 1137 ("In Fourth Amendment terminology, an arrest is a seizure of the person, and the 'reasonableness' of an arrest is, in turn, determined by the presence or absence of probable cause for the arrest." (citation omitted)). In order to be entitled to qualified immunity from a Fourth Amendment claim, an officer only need have arguable probable cause for a search or seizure—a "more lenient standard" than traditional probable cause. *See Knight v. Jacobson*, 300 F.3d 1272, 1274 (11th Cir.2002). The standard for arguable probable cause is not whether a reasonable officer in the same circumstances would have believed that probable cause existed, but whether

against Jones, and ultimately denied pretrial release. *State v. Arthur*, 390 So.2d 717, 717 (Fla.1980) (holding that when the State seeks to deny pretrial release to an accused charged with a capital offense or one punishable by life imprisonment, it must carry the burden of demonstrating "that proof of guilt is evident or the presumption great").

such an officer *could* have found probable cause. *See Kingsland,* 382 F.3d at 1232.

## III.

Viewing the facts in the light most favorable to Jones, we hold there was sufficient arguable probable cause for his arrest and, hence, Detective Butt is entitled to qualified immunity. *See id.* at 1231. We also conclude that Officer Burst's emailed statements did not amount to initiating criminal proceedings against Jones, as required by a claim for malicious prosecution under Florida law. *See Durkin,* 814 So.2d at 1248.

### A. Detective Butt

■ Whether Detective Butt had probable cause to arrest Jones is central to both Jones's malicious prosecution claim and Detective Butt's defense of qualified immunity.[3] After our review of the record and circumstances surrounding the investigation, we are satisfied that, in light of the information Detective Butt possessed, a reasonable officer could have believed there was sufficient probable cause to arrest Jones for both the Apartment Complex Incident and the Bus Stop Incident. *See, e.g., Montoute v. Carr,* 114 F.3d 181, 184 (11th Cir.1997). Consequently, Detective Butt is eligible for the defense of qualified immunity because Jones failed to demonstrate a violation of his Fourth Amendment rights. *See Douglas Asphalt,* 541 F.3d at 1273.

When combined with "temporal and geographic proximity," resemblance to "a description by witnesses of a suspect may provide a sufficient basis for arresting an individual who closely resembles the description." *Cf. Shriner v. Wainwright,* 715 F.2d 1452, 1454 (11th Cir.1983) (finding such evidence sufficient to meet traditional probable cause standard); *accord Shriner v. Florida,* 386 So.2d 525, 528 (Fla.1980) (per curiam). As the district court stated, even Jones acknowledges that he resembles the composite sketch. Moreover, he lived in the Jacaranda Complex at the time the Apartment Complex Incident took place, and had been investigated in the past as a suspect in numerous peeping tom incidents. Therefore, we conclude that a reasonable officer, knowing this information, could have found there was probable cause to arrest Jones in connection with the Apartment Complex Incident. *See Montoute,* 114 F.3d at 184.

Similar information provided arguable probable cause for Jones's arrest in connection with the Bus Stop Incident. Two victims of that incident identified Jones out of a lineup as the perpetrator. Jones also lived less than a half-mile from the bus stop at the time the incident took place. This information, together, constitutes sufficient evidence to meet the lower standard of arguable probable cause. *See id.*

Because Detective Butt had arguable probable cause to arrest Jones for both the Apartment Complex Incident and the Bus Stop Incident, he is entitled to the defense of qualified immunity. When the qualified immunity defense applies to a malicious prosecution claim, we must affirm the district court's grant of summary judgment. *Kingsland,* 382 F.3d at 1231. Accordingly, we affirm the district court's entry of summary judgment in favor of Detective Butt.

### B. Officer Burst

■ Jones argues that Officer Burst's email to Detective Butt during the course

---

**3.** As a police detective taking witness statements, investigating and clearing potential suspects, and compiling a photo lineup during the course of a criminal investigation, Detective Butt was acting squarely within his discretionary authority, making him eligible for a qualified immunity defense. *See Eubanks v. Gerwen,* 40 F.3d 1157, 1160 (11th Cir.1994).

of the investigation contained statements that were knowingly false and, therefore, Officer Burst is liable for maliciously initiating the criminal prosecution.

Making statements to a detective in the context of a larger criminal investigation does not mean that individual initiated a criminal prosecution. *See Eubanks v. Gerwen*, 40 F.3d 1157, 1160–61 (11th Cir.1994). Viewing Officer Burst's statements in the context of the entire investigation and sequence of events, he neither was responsible for the decision to prosecute Jones nor did he improperly influence the decision to prosecute. *Cf. id.; see Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), *modified*, 14 F.3d 583 (1994). Rather, his statement merely conveyed information about his prior experience investigating Jones and a recent conversation with Van Brock. Therefore, Officer Burst cannot be said to be the "legal cause of the original proceeding," as required under Florida's malicious prosecution claim. *See Durkin*, 814 So.2d at 1248.[4] Accordingly, the district court properly granted summary judgment in favor of Officer Burst.

### IV.

The district court did not err in granting summary judgment in favor of the Defendants. Therefore, we **AFFIRM**.

---

4. Whether Officer Burst's statements were false does not change their relevance to our determination that Officer Burst did not initiate or influence initiation of the criminal action. Hence, this factual dispute cannot defeat summary judgment because it is not material to the legal outcome. *See Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259–60 (11th Cir.2004) ("An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case.").