[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10159
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00332-RH-CAS

RONALD DAVID JONES,

Plaintiff-Appellant,

versus

MICAH BROWN,
Commissioner District Two, et al.,

Defendants,

T. BRYANT,
Police Sargent,
A. CENTENO,
Police Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 16, 2016)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

In his third amended complaint, which he brought *pro se* and *in forma pauperis*, Ronald David Jones sought damages under 42 U.S.C. § 1983 against T. Byant and A. Centeno, police officers in Quincy, Florida, for false arrest and malicious prosecution in violation of the Fourth and Fourteenth Amendments. Acting *sua* sponte, the district court, adopted the magistrate judge's recommendation and dismissed these claims with prejudice for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). Jones appeals, arguing that he stated a claim against the officers for false arrest and malicious prosecution, stemming from an unsupported charge of theft of utility services.

We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, we must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the

2

plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person acting under color of state law; (2) deprived him or her of a right secured by the Constitution. 42 U.S.C. § 1983. We have previously identified false arrest as a violation of the Fourth Amendment and a viable claim under § 1983. *Ortega v. Christian*, 85 F.3d 1521, 1525-26 (11th Cir. 1996). A claim for false arrest arises when an arrest occurs without a warrant and without probable cause. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). When an arrest warrant has been issued, a police officer is entitled to rely on the magistrate's probable cause determination, as long as that reliance is objectively reasonable. *See United States v. Leon*, 468 U.S. 897, 922, 104 S. Ct. 3405, 3420-21, 82 L. Ed. 2d 677 (1984). To establish probable cause, a police officer has no duty to investigate every possible claim of innocence. *Rankin v. Evans*, 133 F.3d 1425, 1435-36 (11th Cir. 1998). However, "falsifying facts to establish probable cause is patently unconstitutional." *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004).

We have also identified malicious prosecution as a viable constitutional tort under § 1983. *See Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). A plaintiff

must prove the elements of the common law tort of malicious prosecution and that his or her Fourth Amendment right to be free from unreasonable seizures was violated. *Id.* Florida law sets out six elements for a malicious prosecution claim: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Kingsland*, 382 F.3d at 1234 (citing *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. Dist. Ct. App. 2002)). Thus, a plaintiff must allege that the defendant acted without probable cause as a required element of a malicious prosecution claim. *Wood,* 323 F.3d at 882.

Under Florida law, a person commits the offense of utility theft when he or she "use[s] or receive[s] the direct benefit from the use of a utility knowing, or under such circumstances as would induce a reasonable person to believe, that such direct benefits have resulted from any tampering with, altering of, or injury to any connection, wire, conductor, meter, pipe, conduit, line, cable, transformer, amplifier, or other apparatus or device owned, operated, or controlled by such utility, for the purpose of avoiding payment." Fla. Stat. § 812.14(2)(c).

4

As to Officer Bryant, Jones alleged that Bryant acted pursuant to a warrant, yet Jones failed to allege facts indicating that a prudent officer in Bryant's position would not have relied upon the arrest warrant.  The only possible allegation was that Officer Bryant should not have relied on a warrant that was almost five years old, but that did not necessarily render the warrant facially invalid.  *See Pickens v. Hollowell*, 59 F.3d 1203, (11th Cir. 1995) (five year difference between issuance of arrest warrant for misdemeanor and arrest did not negate arguable probable cause).  Without any arguments that the warrant was invalid on its face, we must assume that Officer Bryant was entitled to rely on the warrant's probable cause determination.  *See Leon*, 468 U.S. at 922, 104 S. Ct. at 3420-21.

Against Officer Centeno, Jones alleged that the utility company employees lied to Officer Centeno when they told him that Jones's utilities should have been turned off, but Jones does not allege that Officer Centeno should not have believed the employees.  Jones's specific allegations that Officer Centeno falsified information in his probable cause narrative, which he raised for the first time in his objections to the magistrate's report, do not go far enough to negate probable cause.  The only relevant allegation is that the lock tag on his utility meter was still in place, indicating that the meter had not been tampered with.  However, tampering with a meter is not the only way to commit theft of utilities.  *See* Fla. Stat. § 812.14(2)(c) (". . . tampering with, altering of, or injury to *any* connection,

5

wire, conductor, meter, pipe, conduit, line, cable, transformer, amplifier, or other apparatus or device . . .") (emphasis added).  Jones's conclusory statement that Officer Centeno did not fully investigate the case is without merit.  Officer Centeno interviewed two utilities employees who told him that the utilities running to Jones's house were turned off, and Officer Centeno attempted to verify independently that the utilities were nevertheless still running.  Thus, Jones did not sufficiently allege in his final amended complaint that Officer Centeno did not have probable cause to suspect that utility theft had occurred.

Because the final amended complaint, on its face, indicated that Officers Bryant and Centeno had sufficient probable cause, Jones's third amended complaint failed to allege one of the required elements of both false arrest and malicious prosecution.

AFFIRMED.