[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11363
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00237-SPC-CM

KEVIN JORDAN,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CHILDREN
AND FAMILY SERVICES,
DONALD SAWYER,
in his individual capacity as Facility Administrator at
Florida Civil Commitment Center,
REBECCA JACKSON,
in her individual capacity as Clinical Director at
Florida Civil Commitment Center,
MARK SNYDER,
Inspector,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2018)

Before JORDAN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Kevin Jordan, an involuntary civil detainee at the Florida Civil Commitment Center ("FCCC"), proceeding pro se, appeals the district court's order that dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), his pro se complaint filed under 42 U.S.C. § 1983 and Florida state law; and denied his motion for leave to amend his complaint.

Jordan was involuntarily committed to the FCCC in 2014 as a sexually violent predator.  In March 2015, Mark Snyder, the inspector at the FCCC, initiated criminal charges against Jordan for indecent exposure in the FCCC for exposing himself and masturbating in front of staff.  The charges were dismissed, and Snyder later initiated new charges when Jordan allegedly committed indecent exposure again.

Based on the filing and prosecution of these charges, Jordan sued (1) Kristina Kanner, the Secretary of the Florida Department of Children and Family Services; (2) Donald Sawyer, the facility administrator at the FCCC; (3) Rebecca Jackson, the clinical director at FCCC; and (4) Snyder in federal district court.  He alleged malicious prosecution, due-process violations, Fourteenth Amendment violations, equal-protection violations, negligent hiring

2

and retention of Snyder, and defamation.  He did not refute that he had committed indecent exposure in the manner alleged.

Defendants-Appellees Sawyer, Jackson, and Snyder[1] moved to dismiss.  In response, Jordan moved to amend his complaint.  The district court granted Defendants' motion to dismiss, denied Jordan's motion to amend his complaint, and dismissed the case.

On appeal, Jordan argues that his complaint should not have been dismissed because he was maliciously prosecuted by Snyder, who knew that Jordan could not control his deviant behavior and knew that Jordan had been diagnosed with a sexual illness and could not control himself.  Jordan also contends that he was singled out from comparators at the FCCC who also committed indecent exposure but were not prosecuted.  In addition, Jordan asserts that Sawyer and Jackson negligently hired and retained Snyder and that Snyder defamed his character by filing criminal charges.  Finally, he argues that his motion for leave to amend should have been granted.  After careful review, we affirm the district court's dismissal and denial of leave to amend.

## I.

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting the allegations in the complaint as true and construing

---

[1] Kanner was not served.

them in the light most favorable to the plaintiff. *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). Under Rule 12(b)(6), a complaint must allege enough plausible facts, on the face of the complaint, to support the claim stated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

We begin with Jordan's malicious-prosecution claims. To establish a federal malicious-prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures, in addition to the elements of the common-law tort of malicious prosecution. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). We have determined that, among other elements, a lack of probable cause for the arrest is a required element of a § 1983 malicious-prosecution claim. *Id*. at 882. Similarly, under Florida law, a plaintiff must establish, among other elements, an absence of probable cause for the original proceeding in order to support a claim of malicious prosecution. *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002).

Here, Jordan's behavior, which he does not deny, fell under the umbrella of indecent exposure as defined by Florida law. *See* Fla. Stat. § 800.03. Under Fla. Stat. § 800.03, "[i]t is unlawful to expose or exhibit one's sexual organs in public or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or to be naked in public except in any place provided or set apart for that purpose." Fla. Stat. § 800.03. Since Jordan

4

does not deny that he engaged in conduct satisfying this description, probable cause for his arrest and prosecution existed. As a result, Jordan did not have a viable claim for malicious prosecution under Florida law or § 1983. *See Durkin*, 814 So.2d at 1248; *Wood*, 323 F.3d at 881-8; *Twombly*, 550 U.S. at 570. And because the arrest was based on probable cause, Jordan's complaint did not sufficiently show that Defendants inflicted mental or physical abuse on him by merely reporting his crime. *See Kyle K.*, 208 F.3d at 943.

Jordan's constitutional claims fare no better.

We first note that a plausible claim that those charged with the responsibility of providing daily care to an involuntarily civilly committed patient inflicted physical or mental abuse on him does state the denial of a constitutional right for purposes of a Rule 12(b)(6) motion to dismiss. *Kyle K. v. Chapman*, 208 F.3d 940, 943 (11th Cir. 2000). Here, though, Jordan's complaint states no such claim.

Concerning the specific rights Jordan alleges were transgressed, we begin with Jordan's equal-protection claim. A plaintiff states an equal-protection "class of one" claim if he alleges that he has been intentionally treated differently from other people who are similarly situated to him and that no rational basis supports the difference in treatment. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1200-02 (11th Cir. 2007). To be similarly situated, the comparators must be prima facie identical in all relevant respects. *Grider v. City of Auburn*, 618 F.3d 1240, 1264

5

(11th Cir. 2010).  In addition, a plaintiff must allege more than broad generalities in identifying a comparator.  *Griffin Indus*., 496 F.3d at 1204.

Here, Jordan did not provide sufficient facts about comparators to show that they were similarly situated and that he was treated differently from them.  *See Griffin Indus., Inc.*, 496 F.3d at 1202-05; *Grider*, 618 F.3d at 1264.  As a result, he did not allege enough plausible facts on the face of the complaint to support the claim stated.  *See Twombly*, 550 U.S. at 570.

Turning to Jordan's due-process claim,[2] Jordan bases it on claims of defamation and slander.  But injury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under the Fourteenth Amendment.  *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005).  In order to invoke the procedural protections of the Due Process Clause, a plaintiff must establish the fact of the defamation plus the violation of some more tangible interest.  *Paul v. Davis*, 424 U.S. 693, 701-02 (1976).

Jordan, however, failed to establish even the fact of defamation.  *See Paul*, 424 U.S. at 701-02.  He never described how he was defamed, how his reputation

---

[2] Jordan also couches his § 1983 malicious-prosecution claim as a violation of the Eighth Amendment's prohibition against cruel and unusual punishment as guaranteed under the Fourteenth Amendment's due-process clause and as a taking of liberty without due process, in violation of the Fourteenth Amendment.  But even if the filing of charges against a prisoner could, in some circumstances, violate the Eighth Amendment—a question we need not address— as we have explained, here, probable cause supported the charges.  And charges supported by probable cause do not violate the Eighth Amendment.  Similarly, the mere filing and prosecution of charges supported by probable cause—without more—do not even arguably violate the Fourteenth Amendment.

was harmed, or what untrue statement was made about him. *See Paul*, 424 U.S. at 701-02; *Twombly*, 550 U.S. at 570. Nor did he deny that he committed indecent exposure in the way that Snyder reported to police. The district court therefore did not err in dismissing this claim.

Finally, we address Jordan's state claims. The supplemental-jurisdiction statute provides that a district court may decline to exercise supplemental jurisdiction over pendent state-law claims if, in relevant part, the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c).

Under the circumstances of Jordan's case, the district court did not err in dismissing without prejudice the state-law claims. *See Leib*, 558 F.3d at 1305. Jordan's negligent-hiring-and-retention claim was a state-law claim, and his defamation claim may also be characterized as a state-law claim. *See Behrens*, 422 F.3d at 1259. Because, as we have discussed, the district court properly dismissed the federal claims, it had the discretion to dismiss the pending state law claims. 28 U.S.C. § 1367(c).

In short, the district court did not err in dismissing the complaint as to all of Jordan's claims. *See Leib*, 558 F.3d at 1305.

## II.

We now consider the district court's denial of Jordan's motion to amend. Generally, we review the district court's refusal to grant leave to amend for abuse

of discretion, but we exercise de novo review as to the underlying legal conclusion that an amendment to the complaint would be futile. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010). Rule 15, Fed. R. Civ. P., states that courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Nevertheless, a district court need not grant leave to amend where, among other things, the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

On this record, the district court did not err in concluding that an amendment would be futile. Consequently, it did not abuse its discretion in denying Jordan's motion for leave to amend. *See SFM Holdings, Ltd.*, 600 F.3d at 1336; *Bryant*, 252 F.3d at 1163.

Jordan raised the same claims in a similar manner in his proposed amended complaint as in his original complaint. Notably, in the proposed amended complaint, he did not allege that no probable cause existed for his arrest, did not contend that he did not expose himself to staff or masturbate in front of staff, did not provide comparator information, did not explain how he was defamed, and did not make further arguments as to his state-law claims. As a result, allowing the filing of the proposed amended complaint would have been futile. *See SFM Holdings, Ltd.*, 600 F.3d at 1336; *Bryant*, 252 F.3d at 1163.

For these reasons, we affirm the order of the district court dismissing Jordan's case and denying leave to amend his complaint.

**AFFIRMED.**