[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11741

Non-Argument Calendar

_____

JEFF FLEURANVILLE,

Plaintiff-Appellant,

*versus*

MIAMI DADE COUNTY,
JOSEPH WISLIN,
Individual Capacity,
GREGORY CHEEVER,
Individual Capacity,
ERNESTO MIRANDA,
Individual Capacity,
LASHONYA LEONARD,
Individual Capacity, et al.,

2                          Opinion of the Court                    24-11741

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-21797-KMM

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Jeff Fleuranville appeals the district court's grant of the Appellees' motion to dismiss his amended complaint alleging violations of his civil rights under federal and Florida law. Fleuranville asserts the district court erred in determining (1) his federal and state law claims of false arrest were barred by qualified immunity, and (2) his state law malicious prosecution claims were barred because Appellees had probable cause to arrest him.[1] After review,[2] we affirm the district court.

_____

[1] Fleuranville also appeals "the district court's finding that the amended complaint does not contain sufficient factual allegation to meet the pleading standard and defeat qualified immunity." However, while Appellees argued that Fleuranville's amended complaint did not meet the pleading standards in their motion to dismiss, the district court did not grant the motion to dismiss based on the failure to meet pleading standards. We do not address this argument.

[2] "We review de novo a district court's decision to grant or deny the defense of qualified immunity on a motion to dismiss, accepting the factual allegations

## I.  BACKGROUND

On May 11, 2018, a 74-year-old woman accused her son, Fleuranville, of sexually assaulting her on multiple occasions.  The victim disclosed the sexual assaults to her daughter.  The arrest affidavit contained the following statement:

> The victim advised that on an unknown date in November 2017, the subject called her into a bedroom in her single family residence.  Once inside, the subject pushed her onto the floor, removed her clothing and forced penile vaginal intercourse on her.  She advised that she attempted to resist the defendant but she was unable to do so due to his strength.  During a struggle, the defendant became upset and slapped her several times.  The victim further advised that at the conclusion of the sexual assault, the defendant demanded she perform fellatio on him and she refused.  Thereafter, the defendant stood up and kicked her several times.  After kicking her, the defendant threatened to kill her if she called the police or told anyone of the sexual battery.  The victim stated she was in fear for her life.  As a result, she was unable to leave the home for several days.

Fleuranville was arrested on twelve felony counts for sexual battery, kidnapping, and battery on the elderly on May 11, 2018.  On May 31, 2018, the sexual battery charges were no actioned, and

---

in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Davis v. Carter*, 555 F.3d 979, 981 (11th Cir. 2009) (quotation marks omitted).

4                    Opinion of the Court                    24-11741

the charges were amended to one count of kidnapping and one count of battery.  On July 25, 2019, the State entered a *nolle prosequi* on the remaining charges against Fleuranville, and the case was closed.

Fleuranville filed a civil rights action.  His amended complaint asserted federal false arrest claims against Miami-Dade County Police Department Officers Joseph Wislin, Gregory Cheever, Ernesto Miranda, and Darlene Cordero[3] (Counts 1-4); federal malicious prosecution claims against Officers Wislin, Cheever, Miranda, Cordero, and Lashonya Leonard (Counts 5-10); state false arrest claims against each officer (Counts 11-15); and state malicious prosecution claims against each officer (Counts 16-20).  Miami-Dade County was not a named defendant in the amended complaint.

In his amended complaint, he stated he "resided with and cared for his biological mother," and "was the only family member to make sure that her needs were met and that the household bills were paid."  His mother "suffers from dementia and other mental health disorders and could not be left alone," and Fleuranville "vehemently denies ever inappropriately touching or harming his mentally ill mother who suffer[s] from dementia, memory loss, and other mental health disorders."  He also stated that "Law Enforcement is familiar with the alleged victim as she has called the

---

[3] Officer Cordero was never served.

police to the home on numerous occasions for various complaint[s] which were all unfounded."

The Appellees moved to dismiss the amended complaint, arguing they had probable cause to arrest Fleuranville based on the victim's statement, summarized on the arrest affidavit and corroborated by the victim's daughter. The district court granted the motion to dismiss, dismissing the false arrest claims because probable cause entitled the Appellees to qualified immunity on the federal claims and precluded the state law claims. The district court also dismissed the malicious prosecution claims because the existence of probable cause foreclosed both the state and federal claims.

## II. DISCUSSION

### A. False Arrest

To receive qualified immunity, an "officer bears the initial burden to prove that he acted within his discretionary authority." *Dukes v. Deaton*, 852 F.3d 1035, 1041 (11th Cir. 2017). The plaintiff then bears the burden of showing "the defendant violated a constitutional right" and "the right was clearly established at the time of the violation." *Barnes v. Zaccari*, 669 F.3d 1295, 1303 (11th Cir. 2012). Because Fleuranville does not dispute the Appellees were engaged in a discretionary function, he bears the burden of proving they were not entitled to qualified immunity.

Fleuranville asserts the Appellees violated the Fourth Amendment by falsely arresting him. "To succeed on a false arrest claim, a plaintiff must establish (1) a lack of probable cause and (2) an arrest." *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir.

2022).  "Accordingly, when the government has probable cause to arrest someone, a false arrest claim necessarily fails." *Id.*

In the context of an arrest, probable cause exists "when the facts, considering the totality of the circumstances and viewed from the perspective of a reasonable officer, establish 'a probability or substantial chance of criminal activity.'" *Washington v. Howard*, 25 F.4th 891, 898-99 (11th Cir. 2022) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018)).  In assessing whether there was probable cause for an arrest, we "ask whether a reasonable officer could conclude that there was a substantial chance of criminal activity." *Id.* at 902 (quotation marks and alteration omitted). "Probable cause does not require conclusive evidence and is not a high bar." *Id.* at 899 (quotation marks omitted).

Fleuranville contends there was not probable cause to arrest him because the Appellees should have done a more thorough investigation[4] before arresting him, rather than relying solely on his mother's statement.  Specifically, he asserts "[a]t the moment Plaintiff was arrested the facts and circumstances within [the] officers' knowledge w[ere] not sufficient to warrant a prudent police officer to belie[v]e that the Plaintiff had committed or was committing an

---

[4] In his amended complaint, Fleuranville alleges "Defendants did not produce any evidence of sexual abuse, no rape kit performed, no medical records, no adult protective service investigation, no evidence of kidnap, no audio tape, no eyewitness, no polygraph test performed, written confession, no marks, no bruises, evidence of neglect, video camera, or credible witness."

offense."   Fleuranville also alleges his mother suffered from dementia, memory loss, and other mental health disorders.

We have stated that "[g]enerally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause." *Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998).  In *Rankin*, the accused asserted an officer was not entitled to rely on the child victim's statements "because the victim's age and inconsistencies rendered her statements unreliable." *Id.*  We concluded that "although a child victim's statements must be evaluated in light of her age," her statements, considered along with the other supporting evidence were sufficiently reliable and trustworthy to form the basis for probable cause.  *Id.*

Similarly, the Appellees here had probable cause to arrest Fleuranville because they could rely on the victim's statements that Fleuranville had sexually assaulted her on multiple occasions.  Despite Fleuranville's general allegation that "[l]aw enforcement is familiar with the alleged victim as she has called the police to the home on numerous occasions for various complaint[s] which were all unfounded," he does not allege that any of the Appellees in this case knew of his mother's dementia and mental health history.  The victim's detailed statements provided in the complaint/arrest affidavit identifying Fleuranville as her rapist were enough for probable cause at the time of the arrest.  *See Rankin*, 133 F.3d at 1441.  Further, the victim also disclosed to her daughter that she was raped.  Because the Appellees had probable cause to arrest Fleuranville, they did not violate his constitutional rights. *See Richmond*, 47

F.4th at 1180, and the Appellees are entitled to qualified immunity on this claim. *See Barnes*, 669 F.3d at 1303. Additionally, as "[p]robable cause bars a claim for false arrest under Florida law just as it does under federal law," *Crocker v. Beatty*, 995 F.3d 1232, 1245 (11th Cir. 2021), Fleuranville's claims for false arrest under Florida law also fail.

## B.  Malicious Prosecution

To establish a claim of malicious prosecution, a plaintiff must prove (1) "the elements of the common law tort of malicious prosecution," and (2) "he suffered a seizure pursuant to legal process that violated the Fourth Amendment." *Laskar v. Hurd*, 972 F.3d 1278, 1284 (11th Cir. 2020). The elements of malicious prosecution require Fleuranville to show the officials instituted criminal process against him "with malice and without probable cause" and the prosecution against him terminated in his favor. *Id*. Florida law also requires the absence of probable cause to support a claim of malicious prosecution. *See Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002).

As the district court determined, the finding that the Appellees had probable cause to arrest him also forecloses Fleuranville's federal and state law malicious prosecution claims.

## III.  CONCLUSION

The district court did not err in determining that the Appellees are entitled to qualified immunity on Fleuranville's federal false arrest and malicious prosecution claims, and that the state law

24-11741                Opinion of the Court                9

claims alleging the same should also be dismissed.  We affirm the district court.

**AFFIRMED.**